605 So.2d 1170 (1992)
Raymond James ALEXANDER
v.
STATE of Mississippi.
No. 90-KP-1310.
Supreme Court of Mississippi.
September 2, 1992.
*1171 Raymond James Alexander, pro se.
Michael C. Moore, Atty. Gen., Ellen Y. Dale, Sp. Ass't Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and McRAE, JJ.
McRAE, Justice, for the Court:
Raymond James Alexander was indicted for the armed robbery of Trustmark National Bank in Liberty, Mississippi. On October 16, 1989, he pleaded guilty to the charge pursuant to a plea bargain agreement under which the prosecution agreed to recommend a sentence of no more than fifteen (15) years imprisonment. The Circuit Court of Amite County accepted the agreement and sentenced Alexander to fifteen (15) years in the custody of the Mississippi Department of Corrections.
Alexander alleges that, prior to his accepting the plea bargain agreement, his attorney assured him that he would be eligible for parole after serving one-fourth of his sentence, or three years and nine months. However, Miss. Code Ann. § 47-7-3(1)(d) (Supp. 1986), states that a person convicted of robbery and sentenced to more than ten years imprisonment shall not be eligible for parole until after serving at least ten years of the sentence. According to Alexander, he first learned of the mandatory ten-year term upon arriving at Parchman.
On August 14, 1990, Alexander filed a Motion to Vacate Conviction and Sentence. The circuit court denied the motion, and Alexander perfected this appeal, asserting that the denial was erroneous for the following reasons:

*1172 I. Alexander's guilty plea was not made knowingly, voluntarily, and intelligently.
II. Alexander's attorney rendered ineffective assistance of counsel in misadvising Alexander of the consequences of accepting the plea bargain.
III. The district attorney and Alexander's attorney breached the plea bargain agreement.
Finding merit to the contention that the appellant is entitled to an evidentiary hearing, we reverse.

ANALYSIS

I. WAS ALEXANDER'S GUILTY PLEA MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY?
A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss. 1991). A plea is deemed "voluntary and intelligent" only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea. See Wilson v. State, 577 So.2d 394, 396-97 (Miss. 1991). Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969). Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice additionally requires, inter alia, that the trial judge "inquire and determine" that the accused understands the maximum and minimum penalties to which he may be sentenced.
Alexander contends that at the time he pleaded guilty, he had been informed of neither his right to remain silent nor his right to confront and cross-examine adverse witnesses. He also argues that he had not been advised of the mandatory ten-year prison term, and that when he pleaded guilty, he mistakenly believed that he would be eligible for parole after serving one-fourth of his fifteen-year sentence. As a result of these omissions, Alexander maintains, his guilty plea was not voluntary and intelligent.
This case is similar in many respects to Horton v. State, 584 So.2d 764 (Miss. 1991). In Horton, the defendant filed for post-conviction relief on grounds that he was not advised of his constitutional right to avoid self-incrimination. The trial court summarily dismissed the petition. Upon scrutinizing the plea hearing transcript, this Court concluded that the trial judge had not informed Horton of his right to avoid self-incrimination and remanded the case for an evidentiary hearing on whether the defendant had fully understood the nature of his guilty plea. See also Vittitoe v. State, 556 So.2d 1062 (Miss. 1990) (conviction and sentence based on guilty plea reversed where trial court found that defendant was not aware of mandatory minimum sentence at time of plea).
As in Horton, the transcript of Alexander's plea hearing does not reflect that he was advised concerning the rights of which he allegedly claims ignorance. Accordingly, Alexander should be afforded an opportunity to present his claim at an evidentiary hearing. At such hearing, the state shall be entitled to prove that Alexander learned of the rights in question prior to pleading guilty, either from the trial judge or from some other source. See Wilson, 577 So.2d at 397 ("[W]hile a transcript of the proceeding is essential, other offers of clear and convincing evidence which prove that the defendant entered a guilty plea voluntarily are sufficient."); see also Horton, 584 So.2d at 768 (state has right to refute defendant's claim at post-conviction evidentiary hearing); Taylor v. State, 285 So.2d 172 (Miss. 1973) (record established in post-conviction proceedings, as opposed to actual plea hearing, may suffice to demonstrate that plea was voluntary).

II. DID ALEXANDER'S ATTORNEY RENDER INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING ALEXANDER OF THE CONSEQUENCES OF ACCEPTING THE PLEA BARGAIN?
In his motion to vacate, Alexander alleges that his attorney erroneously informed *1173 him that if he accepted the prosecution's plea bargain offer of fifteen years imprisonment, he would be eligible for parole after serving one-fourth, or three years and nine months, of his sentence. According to Alexander's motion, the attorney who represented him during the plea process was not from Mississippi and was not familiar with this state's mandatory ten-year incarceration period for persons sentenced to imprisonment of ten years or more for armed robbery. Alexander also alleges that had he known about the mandatory incarceration statute, he would not have accepted the prosecution's plea bargain offer.
When evaluating claims of ineffective assistance of counsel, this Court applies the standard set out in Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). Under this standard, the claimant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. Wilson v. State, 577 So.2d 394, 396 (Miss. 1991). Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed "deficient" for purposes of the Strickland standard if it falls below "the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56, 88 L.Ed.2d 203, 106 S.Ct. 366, 369 (1985) quoted in Wilson, 577 So.2d at 396. A defendant who pleads guilty to a crime is "prejudiced" by his counsel's erroneous advice if "he would have insisted on going to trial if he had been correctly informed." Wilson, 577 So.2d at 396; accord Hill, 474 U.S. at 59, 106 S.Ct. at 370-71.
This Court has held that where a criminal defendant alleges that he pleaded guilty to a crime without having been advised by his attorney of the applicable maximum and minimum sentences, a question of fact arises concerning whether the attorney's conduct was deficient. Wilson, 577 So.2d at 396-97. A question of fact also exists concerning whether the defendant was prejudiced, i.e., whether he would not have entered a guilty plea had he been properly advised. Id. The allegations in Alexander's petition are sufficient to raise a question of fact on both these issues. Consequently, Alexander is entitled to an evidentiary hearing on the question of whether he received ineffective assistance of counsel during the plea process.

III. DID THE DISTRICT ATTORNEY AND ALEXANDER'S ATTORNEY BREACH THE PLEA BARGAIN AGREEMENT?
Alexander has claimed in a sworn affidavit that the district attorney offered to recommend a sentence of fifteen years "with parole" in exchange for Alexander's guilty plea. However, the September 29, 1989, letter from District Attorney Alonzo Sturgeon to Kevin Monohan, Alexander's former attorney, states in relevant part:
Please be advised that the State of Mississippi does hereby make the following offer of settlement in the above criminal case:
Upon a plea of guilty by your client to: one (1) charge of armed robbery
The State will recommend a sentence of: Fifteen (15) years in the State Department of Corrections and pay court costs; any other charges to be retried.
The letter contains no mention whatsoever of "parole."
Even if the state had offered Alexander fifteen years "with parole," the sentence he received would not be incompatible with the offer. Alexander's sentence does in fact include the possibility of parole after ten years of incarceration. Alexander does not even claim that the prosecution offered to recommend parole after the first three years and nine months.
The prosecution may well have failed to explain the details of Alexander's eligibility for parole. This failure, however, does not amount to a breach of the plea bargain agreement. In Ware v. State, 379 So.2d 904 (Miss. 1980), this Court stated:
It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility the judge must determine *1174 whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a "consequence" of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a "consequence" of a plea of guilty.
Ware, 379 So.2d at 907 (quoting Smith v. United States, 324 F.2d 436, 441 (D.C. Cir.1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964)). Clearly, even if everything Alexander alleges in his Motion to Vacate is taken as true, his contention that the prosecution breached its plea bargain agreement is insupportable.
Alexander also alleges that his defense attorney breached the plea bargain agreement by advising him that if he accepted the fifteen-year term, he would be eligible for parole after serving three years and nine months. This argument is entirely without merit. The plea bargain agreement was between Alexander and the prosecution, not between Alexander and his own counsel.

CONCLUSION
Alexander is entitled to an evidentiary hearing on the following issues: (1) whether his guilty plea was entered voluntarily and intelligently, and (2) whether he was afforded ineffective assistance of counsel during the plea process. Alexander's contention that the prosecution and his defense attorney breached the plea bargain agreement has no merit. We reverse and remand for an evidentiary hearing pursuant to Miss. Code Ann. § 99-39-13 thru § 99-39-23 (Supp. 1991) on the voluntariness of Alexander's plea and on whether Alexander received effective assistance of counsel during the plea process.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, PITTMAN and BANKS, JJ., concur.
DAN M. LEE, P.J., concurs in results only.