# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00205-SCT

*BOBBY GRIFFIN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/95 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY | JIM POUNDS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 2/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., McRAE AND ROBERTS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Robert Griffin was charged on two counts of armed robbery, pursuant to Miss. Code Ann. § 97-3-79, on October 1, 1992. He waived arraignment and entered a plea of not guilty on October 5, 1992. But on January 25, 1993, he filed a petition for the court to accept a guilty plea. A hearing was held before Judge R. Kenneth Coleman on January 25, 1993, and the judgement was rendered, finding Griffin guilty of two counts of armed robbery and sentencing him to serve twenty years for each count, which are to run concurrently.

Griffin filed a motion for Post Conviction Relief on the grounds that his plea was involuntary because the judge failed to make a factual finding on which to accept his plea for armed robbery and further because he had ineffective assistance of counsel.

Some discrepancy exists as to whether Griffin plead guilty to armed robbery, Miss. Code Ann. § 97-3-79, or strong armed robbery, Miss. Code Ann. § 97-3-75. The petition to the court to accept a plea of guilt states "strong armed robbery" three times as to the charged crime. However, "strong" is crossed through two of the three times. The transcript of the plea hearing does reflect that some confusion exists, at least to pleading guilty to robbery as to count two. The judgment of the court reflects that Griffin was charged and sentenced for armed robbery, under § 97-3-79.

Griffin argues that the pleas were not knowingly, intelligently and voluntarily because Griffin plead guilty to one count of armed robbery and one count of strong armed robbery but was sentenced on two counts of armed robbery for which there was no factual basis. He further contends that he is entitled to an evidentiary hearing because he was never informed by his attorney that he must serve a mandatory ten years before he would be eligible for parole.

The state concedes that the factual basis of count two only establishes the crime of robbery, not armed robbery. The state further concedes that an evidentiary hearing should have been granted to determine whether Griffin was advised that ten years of his sentence would be served prior to parole eligibility.

At the plea hearing, the judge asked Griffin if he understood that he was charged with strong armed robbery. Griffin admitted in count one, to taking a knife into Depot Grocery and robbing Tara Buskirk. In count two, Griffin admitted only to going into Linda's One Stop to rob the clerk and denied taking in a deadly weapon. The judge failed to ask or to determine if Griffin had a broken bottle with him. The judge concluded that Griffin was guilty of strong armed robbery as to count two. In the colloquoy between the judge and Griffin on count two the judge said:

> Q. I want you to tell me what happened.
>
> A. Like I said, I went in and demanded the money. I did not have a weapon; and I had $80 of my own; and when I was arrested, which I did commit the crime, but when I was arrested, my money was also taken from me.
>
> . . .
>
> Q. What we call "strong armed robbery," you just took it away from her.
>
> A. True.
>
> Q. You don't have any qualm to pleading guilty to robbery. You did the robbery.
>
> A. Right.

However, Griffin was sentenced based on pleading guilty to two counts of armed robbery.

We have stated previously, that in order to meet the constitutional standard for guilty pleas, the defendant must understand the charge and the critical elements of the crime charged as applicable to the case, as well as what might happen at the sentencing stage by pleading guilty. **Schmitt v. State**, 560 So.2d 148, 153 (Miss. 1990)(*quoting* **Gilliard v. State**, 462 So.2d 710, 712 (Miss. 1985) (*citing* **Henderson v. Morgan**, 426 U.S. 637 (1976))).

Clearly the trial judge did not make a proper factual finding to sentence Griffin of armed robbery on count two. The state concedes the point. As to count one, while the court made a proper factual basis for Griffin to plea guilty, it is uncertain whether Griffin understood that he was charged with armed robbery as reflected in the transcript of the hearing and his petition to plead guilty, as well as the consequences in the sentencing phase. The difference in punishment between armed robbery and strong armed robbery is significant. Section § 97-3-79, the armed robbery statue, provides punishment of life imprisonment; however, if the jury fails to impose a life sentence, the court shall fix a term for at least three years. Section § 97-3-75 provides that one convicted of robbery shall not be punished for more than fifteen years. Since Griffin was sentenced to twenty years for each count to run concurrently, the penalty for the second count is improper because § 97-3-75 provides a penalty of no more than fifteen years. Griffin was never made aware of the minimum and maximum sentence at the time of the pleas. While the transcript states that Griffin admitted that he was aware of the maximum and minimum sentences, the record does not distinguish between strong armed robbery or armed robbery.

Griffin contends that counsel never advised him that the mandatory minimum/maximum sentences for strong armed robbery or armed robbery required to serve if he entered guilty to two counts of armed robbery. Griffin argues that his attorney failed to distinguish between strong arm robbery and armed robbery. Since Griffin told the court that he did not have a weapon in count two, his attorney should not have advised him to plead guilty to armed robbery.

The claim for ineffective assistance of counsel is judged by the standard in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard determined by *Strickland* applies to the entry of a guilty plea. *Wilson v. State*, 577 So.2d 394, 394 (Miss. 1991); *Schmitt v. State*, 560 So.2d 148, 154 (Miss. 1990). This Court, in *Neal v. State*, 525 So.2d 1279, 1281 (Miss. 1987), stated the two-fold inquiry of *Strickland* as, "(1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined."

His counsel's conduct was deficient in not distinguishing between armed robbery and strong armed robbery. He advised Griffin to plead guilty to a harsher charge, that he possibly did not commit. Furthermore, there is a difference in prison time to be served and that might effect whether a defendant would plead guilty to the charge.

Griffin also alleges that he was not informed that he would have to serve a mandatory ten years before being eligible for parole. This allegation was in the petition to the trial court for post conviction relief and sought, as an alternative to vacating his guilty plea, an evidentiary hearing from the trial court in order to prove this allegation. In *Alexander v. State*, 605 So.2d 1170 (Miss. 1992) we stated that the defendant was entitled to an evidentiary hearing to determine, among other things, whether defendant was informed of the mandatory ten year prison term where the transcript does not reflect that the defendant was advised of his rights. *Alexander v. State*, 605 So.2d at 1172.

Griffin signed a petition for the court to accept a guilty plea which included a clause stating that the defendant was advised of the maximum and minimum sentence the court could impose. However, the transcript of the plea hearing is very ambiguous as to whether Griffin plead guilty to armed robbery or strong armed robbery. At the hearing, the judge asked the defendant if he had explained to him the

consequences within the petition, including, among others, whether or not Griffin had been advised of the maximum and minimum penalty. Griffin answered yes. The record does not show that he was advised that ten years of this sentence would be served prior to any parole eligibility. At the very least Griffin has made a case for an evidentiary hearing both as to count one and to count two and the finding of the trial court that his petition for post conviction relief be denied. It is hereby reversed and remanded for an evidentiary hearing both on count one and count two of the indictment.

**REVERSED AND REMANDED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ. CONCUR.**