MOORE, J.,
for the Court:
¶ 1. Appellant Randy Patton was indicted by a Sunflower County grand jury for capital rape. Patton initially pled not guilty to the crime charged. However, on June 13, 1996, Patton withdrew his plea of not guilty and pled guilty to the lesser included offense of sexual battery. The circuit court sentenced Patton to thirty years in the custody of the Mississippi Department of Corrections.- Subsequently, Patton filed his pro se motion for post-conviction relief and reconsideration of sentence. This motion was denied by the circuit court. It is from this denial that appellant Patton appeals, presenting the following issues for our review
I. WHETHER PATTON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
II. WHETHER PATTON’S GUILTY PLEA WAS INDUCED RATHER THAN VOLUNTARILY ENTERED.
Finding the assignments of error to be without merit, this Court affirms.
STATEMENT OF THE FACTS
¶ 2. On December 18, 1995, a Sunflower County grand jury indicted appellant Patton for capital rape of an eleven-year-old girl, to which he pled not guilty. However, on June 13, 1996, Patton, represented by counsel, went before the circuit court to change his plea in the matter. Patton pled guilty to the lesser-included offense of sexual battery. At the hearing, the State disclosed the fact that Patton was indicted for the crime of capital rape, but due to *117 the fact that Patton stated he would enter a plea of guilty to the lesser charge of sexual battery, the State moved to reduce the charge from capital rape to sexual battery. The court advised Patton of all his rights and that they were waived by a guilty plea. Patton stated that he understood all of his rights and the fact that they were waived with the entry of his guilty plea. After being informed by the court, Patton further declared that he understood that the maximum sentence for the crime of sexual battery was thirty years. Patton stated that his plea was in no way induced and that it was given voluntarily. In addition, Patton proclaimed that he was satisfied with his counsel’s assistance in this matter. The court accepted his plea of guilty as being entered into knowingly, willingly, and voluntarily. Patton was sentenced to thirty years in the custody of the MDOC. Upon the circuit court’s denial of his motion for post-conviction relief, Patton filed this appeal.
LAW AND ANALYSIS
I. WAS PATTON DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 3. Under this assignment of error, appellant Patton argues that he was denied effective assistance of counsel because his attorney did not disagree with a continuance filed by the State, inquire about the sexual history of the victim, or inquire as to why the victim did not immediately tell her mother about the incident in question. Due to the fact that Patton failed to meet the required standards for a showing of ineffective assistance of counsel, this assignment is without merit.
¶ 4. The United Stated Supreme Court, in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), set forth the two-prong test for ineffective assistance of counsel. This test was adopted by the Mississippi Supreme Court in both Stringer v. State, 454 So.2d 468 (Miss.1984), and Eakes v. State, 665 So.2d 852 (Miss.1995). In order to make this claim, the defendant must show (1) “counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trail.” Stringer, 454 So.2d at 477. The burden to prove both prongs of this test is on appellant Patton. Eakes, 665 So.2d at 872. Patton also “faces a strong but re-buttable presumption that counsel’s performance falls within the broad spectrum of reasonable professional assistance.” Id. at 873 (citing McQuarter v. State, 574 So.2d 685, 687 (Miss.1990)). In order to overcome this presumption, Patton must demonstrate that “there is a reasonable probability that without counsel’s errors the outcome of the trial would have been different;” only then will this Court find ineffective representation. Eakes, 665 So.2d at 873 (citing Reed v. State, 536 So.2d 1336, 1339 (Miss.1988)). In making its determination whether counsel’s performance met these two standards, the court must do so based upon the totality of the circumstances. Carney v. State, 525 So.2d 776, 780 (Miss.1988).
¶ 5. Patton did not present this Court with any evidence demonstrating errors made by his counsel that were so serious as to deprive him of a fair trial. In addition, Patton failed to demonstrate how such alleged errors prejudiced his defense in any way. Patton had the burden of overcoming the presumption that his counsel’s assistance was reasonable. Patton was unable to do such because he failed to prove to the court that there was a reasonable probability that without counsel’s alleged errors the outcome of the case would have been different. Without any such proof or demonstration that he fulfilled both prongs of the test, this Court must *118 presume Patton received effective assistance of counsel.
II. WAS PATTON’S GUILTY PLEA
INDUCED RATHER THAN VOLUNTARILY ENTERED?
¶, 6. Patton asserts that had his attorney made him aware of all the relevant issues and given him the option to either plead guilty or go to trial, he would have chosen to go to trial. In his argument, Patton states that his alleged induced plea was a result of misinformation provided by counsel, bias on the part of the trial judge, and debauched evidence. It is for these reasons that Patton contends his guilty plea was induced and involuntarily given. Based on the facts before the Court and the plea colloquy, there is no evidence to defend this contention. This Court finds that Patton’s guilty plea was in no way induced and that it was voluntarily, knowingly, and intelligently entered.
¶ 7. The courts have set forth standards for guilty pleas. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). In determining whether a plea is voluntary, we look to see if “the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea.” Wilson v. State, 577 So.2d 394, 397 (Miss.1991). If we look at what this means specifically, the Mississippi Supreme Court in Alexander v. State, 605 So.2d 1170 (Miss.1992), followed the decision set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969): “Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.” Alexander, 605 So.2d at 1172 (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).
¶ 8. In examining the transcript from the plea hearing, it is more than apparent that appellánt Patton knowingly and voluntarily entered his plea of guilty to the crime of sexual battery. The trial court advised Patton of his rights, including his right to a public trial by jury, the right to cross-examine any witnesses called to testify against him, his right to testify only if he personally desired to do so, and the right to refuse to testify. The court asked Patton twice if he understood these rights, to which Patton responded that he did. Patton further answered in the affirmative when asked, if he understood that a guilty plea waived all of these rights. The trial court then asked Patton if he understood that he was being charged with the crime of sexual battery and that there was no specific minimum sentence, but that the maximum sentence was thirty years. Patton replied that he understood all of this as well. Patton asserted that he was satisfied with the assistance given by his attorney, and that after counsel’s advisement, Patton made his own independent decision to enter a plea of guilty. After the State disclosed all the relevant evidence and facts proving Patton’s guilt, Patton replied that all was true and correct. After Patton pled guilty, the court acknowledged that the plea was entered into voluntarily, knowingly, and willingly. Not only does the plea colloquy directly refute his arguments, but Patton also fails to offer this Court with any evidence to validate his contentions. Therefore, we find the guilty plea to be valid. After determining that both assignments of error are without merit, this Court affirms the trial court’s dismissal of the motion for post-conviction relief.
¶ 9. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
*119 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.