SOUTHWICK, P.J.,
for the Court:
¶ 1. Ted Dewayne Cauthen pled guilty in 1996 to aggravated assault on a law enforcement officer. In 1999, Cauthen sought post-conviction relief. Cauthen argues that he was denied due process of the law, that the sentence imposed was against public policy and that he was denied effective assistance of counsel. The Panola County Circuit Court denied the relief. We affirm.
FACTS
¶ 2. Cauthen was indicted for aggravated assault on a law enforcement officer. The indictment alleged that on March 14, 1996, Cauthen shot Jimmy Anthony who was on *229 duty as a Batesville Police Officer. Cau-then entered a guilty plea on September 30, 1996 and was sentenced to thirty years with seventeen years suspended.
¶3. On May 19, 1999, Cauthen filed a petition for an issuance of a Writ of Habe-as Corpus on various grounds. He also filed a motion for recusal of Judge Andrew C. Baker. The court considered the petition under the Uniform PosWCoiiviction Collateral Relief Act. Miss.Code Ann. § 99-39-1 (Rev.1994). Without a hearing, the judge denied the petition for relief. The motion for recusal was also denied. Cauthen has appealed.
DISCUSSION

1. Due process violations

¶ 4. Cauthen alleges that his due process rights were violated because he did not have a preliminary hearing. A defendant is not entitled to a preliminary hearing once he has been indicted. UCCCR 6.04. Cauthen was indicted on May 14,1996.
¶ 5. He also argues that because he was fifteen years old at the time of the offense, his parents should have been present during questioning. A youth court has jurisdiction only in certain matters dealing with minors. Miss.Code Ann. § 43-21-151 (Supp.1999). When the offense involves the use of a deadly weapon by a child over the age of thirteen, jurisdiction is in the circuit court. Miss.Code Ann. § 43-21-151(l)(b). That provision applies here.
¶ 6. Since the Youth Court Act did not apply, parental notification was unnecessary. Blue v. State, 674 So.2d 1184, 1204 (Miss.1996). In Blue, a seventeen-year-old was convicted of capital murder. On appeal he argued that because of his age, a parent should have been present during questioning by the police. Id. at 1204. He relied on the Youth Court Act provision that requires a parent to be notified and allows them to be present during questioning. Miss Code Ann. § 43-21-303(3) (1972). Id. The court held that the youth court did not have jurisdiction because Blue’s actions fell within the exception to the exclusive jurisdiction of the youth court. Id. That is true here as well.

2. Sentencing issue

¶ 7. Cauthen argues that his sentence was against public policy and relies on a previous version of the youth court statutes. The statute in question was amended effective July 1, 1994, and as applied to Cauthen provided that “[i]f the case is not transferred to the youth court and the youth is convicted of a crime by any circuit court, the trial judge shall sentence the youth as though such youth was an adult.” Miss.Code Ann. § 43-21-159(4)(Supp.1999). Because this amendment took effect two years before the crime was committed, it applies to Cau-then’s case.

S. Effectiveness of Counsel

¶ 8. Cauthen contends that he was denied effective assistance of counsel because his court-appointed attorney failed to inform the trial court of the alternative sentencing available. He also contends that there was not an independent investigation by one of his attorneys, David L. Walker. The trial court appointed Walker on the day of the plea hearing. Attorney David Clay Vanderburg wás appointed by the court a few days after the indictment.
¶ 9. In order to prevail on a claim of ineffective assistance of counsel, the defendant must prove that the attorney’s performance was deficient and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof on the defendant requires that he overcome a strong rebuttable presumption that the attorney’s performance is within a wide range of reasonable professional conduct. Moody v. State, 644 So.2d 451, 456 (Miss.1994). Cauthen claimed that his attorneys’ failure to mention the alternative sentencing *230 available under the youth court statutes denied him effective assistance of counsel. As already shown, such 'alternative sentencing was unavailable and therefore did not deserve mention.
¶ 10. Cauthen acknowledged during the plea hearing that his attorneys had explained the elements of the crime charged and the maximum sentence he could receive. He stated on record that he was satisfied with his representation. Although attorney Walker was not appointed until the day of the hearing, Cauthen had the benefit of another attorney throughout the process. Attorney Vanderburg petitioned for a mental evaluation, filed a motion to suppress statements and conducted discovery. When looking at the totality of circumstances surrounding this ease, we find that Cauthen failed to meet his burden and was not denied effective assistance of counsel.
¶ 11. Additionally, Cauthen argues that his plea was not “voluntary and intelligent” because of his ineffective assistance of counsel and that the plea was entered in circuit court and not youth .court. Both specific arguments have already been addressed. More generally, in order for a plea to be voluntary and intelligent, the defendant must be advised of the following: the charges; the maximum and minimum sentences for the charge, and the rights being waived including the right to a jury trial, to examine witnesses and against self-incrimination. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); UCCCR 8.04(A)(4).
¶ 12. The record discloses that the trial judge sufficiently questioned Cauthen as to his understanding of the effect of a guilty plea. To all questions, Cauthen responded that he understood. The plea of guilty was voluntary.
¶ 13. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO PANOLA COUNTY.
McMILLIN, C.J., KING, P.J, BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.