IRVING, J.,
for the Court.
¶ 1. Antonio D. Sanders pleaded guilty in the Lowndes County Circuit Court to simple robbery. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Thereafter, Sanders filed a petition for post-conviction relief, attacking the voluntariness of his plea. The trial judge denied the petition without a hearing, and Sanders has appealed raising the following issues: (1) the circuit court erred in finding that his motion for post-conviction relief was without merit and did not require an evidentiary hearing, (2) the circuit court erred in finding that before entering his plea, he (Sanders) was informed of the rights he would waive by entering the plea, and (3) the circuit court erred in finding that he was informed of the minimum sentence that he could receive.
¶ 2. Finding no reversible error, we affirm the trial court’s dismissal of Sanders’s motion for post-conviction relief.
*1215 FACTS
¶ 3. In November 1999, a Lowndes County grand jury indicted Sanders for armed robbery. Sanders pleaded guilty to a reduced charge of simple robbery, and upon a recommendation by the State, the trial judge sentenced him to fifteen years in the custody of the Mississippi Department of Corrections. Shortly thereafter, Sanders filed a motion for post-conviction relief attacking the validity of his plea. The trial judge entered an order summarily denying Sanders’s motion. Additional facts will be related during our discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Evidentiary Hearing

¶ 4. Sanders first contends that the trial judge erred in failing to conduct an eviden-tiary hearing before dismissing his petition. The State counters that the judge’s actions were permissible because pleadings and the transcript of the plea hearing reveal that Sanders was not entitled to any relief.
¶ 5. Mississippi Code Annotated section 99-39-19 (Rev.2000) makes clear that an evidentiary hearing is not required when there is no genuine issue of material fact. Similarly, Mississippi Code Annotated section 99-39-11(2) (Rev.2000), which governs summary disposition of motions, provides for the following: “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.”
¶ 6. A review of the record reveals that the trial judge did not err in dismissing Sanders’s petition without an eviden-tiary hearing. Sanders was afforded a thorough plea hearing and voluntarily entered his guilty plea. The trial judge explicitly informed Sanders of his various rights, and Sanders was also informed of the maximum sentence he could receive for the crime of robbery. As a result, there was no genuine issue of material fact that would have warranted a hearing. Therefore, this issue lacks merit.

(2) Entrance of Guilty Plea

• ¶ 7. Sanders next claims that before entering his guilty plea, the trial court did not inform him of rights he would waive by entering the plea. It is Sanders’s contention that he entered the guilty plea before he was advised of his rights.
¶ 8. “A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). “A plea is deemed ‘voluntary and intelligent’ only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Alexander, 605 So.2d at 1172 (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). “Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.” Alexander, 605 So.2d at 1172 (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).
¶ 9. In the case sub judice, the record reveals that at the beginning of the plea hearing, the following exchange occurred between Sanders and the trial judge:
Q: How do you plead to the charge of robbery in Cause Number 99-538-CR1?
A: Guilty.
*1216 The record further reveals that thereafter, the following exchange transpired:
BY THE COURT: Now you’ve indicated that you desire to enter- a plea of guilty to a charge of simple robbery, that is robbery without the use of a deadly weapon. BeforeT can accept this plea of guilty I am required to ask you some questions.
A. Yes, sir.
Q: Mr. Sanders, do you understand when you plead guilty you gave up your right to a jury trial?
A: Yes, sir.
Q: You also give up your constitutional protection that protects' you against self incrimination. You understand that?
A: • Yes, sir.
Q: And you give up the right to confront and question all of the witness who would have to come to court to testify against you. Do you understand that?
A: Yes, sir.
Q: Likewise, you give up the right to decide whether you would be a witness ' during your own trial or not when you plead guilty. Do you understand that too?
A: Yes, sir.
Q: Under our law, before a jury could find you guilty, the State would have to prove to the jury that you were guilty beyond a reasonable doubt. If you enter a plea of guilty, the State is not required to prove anything because you’re admitting your guilt. Do you understand that?
A: Yes, sir.
Q: There is no appeal to the Mississippi Supreme Court when you enter a plea of guilty. Do you understand that too?
Yes, sir.
I'm looking at a petition here in the court file asking me to accept this plea of guilty. Your attorney Ms. Jourdan, I assume, filled this out for you. <3?
Yes, sir. í>
She went over it with you and explained everything in it to you before you signed it and before you entered this plea of guilty? ¿O
Yes, sir. <¡
Do you have any questions at all about anything you want to ask me about? - O'
No, Sir. '
:k * * *
BY THE COURT: In armed Robbery you could be serving the rest of your life in prison. The jury has that option. But if you enter a plea of guilty on this reduced charge of simple robbery, I can sentence you up to fifteen years in the Department of Corrections and a ten thousand dollar fine. That’s the maximum sentence. You understand that?
A. Yes, sir.
The judge then asked Sanders’s attorney the following questions:
BY THE COURT: Okay. Did you advise the defendant of his constitutional right?
BY MS. JOURDAN: Yes, sir.
BY THE COURT: Did you advise him of all of the elements of the crime of simple robbery?
BY MS. JOURDAN: I did, your Honor. BY THE COURT: Did he give you any indication or reason to believe he did not .understand his rights or the elements of this offense?
BY MS. JOURDAN: No, your Honor, he did not.
*1217 ¶ 10. Thereafter, the trial judge found that Sanders was competent to understand the nature of the charges against him and that he understood the nature and consequences of his guilty plea. He then accepted Sanders’s plea after finding that it was freely, voluntarily, knowingly, and intelligently entered. There is nothing in the record to suggest that the trial judge erred in accepting Sanders’s plea. While Sanders is technically correct that he entered his guilty plea prior to being advised of the rights which he would be giving up, the crucial fact is that his guilty plea was not accepted until after he was advised of his rights. Therefore, there is no merit to this issue.

(3) Minimum Sentence

¶ 11. In his final allegation of error, Sanders alleges that the trial judge failed to inform him of the minimum sentences that could be imposed for the crimes of simple robbery and armed robbery. Sanders contends that had he been advised that armed robbery carried a three-year minimum sentence, he would have never agreed to the fifteen-year sentence for simple robbery but instead would have gone to trial. Sanders claims that the fact that he was never advised of the minimum penalties rendered his plea involuntary as a matter of law.
¶ 12. As previously stated in earlier in this opinion, Sanders pleaded guilty to a reduced charge of simple robbery. Mississippi Code Annotated section 97-3-75 (Rev.2000), which sets forth the penalty for robbery, authorizes a maximum sentence of fifteen years but does not set forth a minimum sentence. The record is clear that the trial judge informed Sanders that he could be sentenced up to fifteen years for robbery and receive a ten-thousand-dollar fine. Because Sanders did not plead guilty to armed robbery, the judge was under no obligation to inform him of the minimum sentence for an armed robbery conviction. Further, although the trial judge did not inform Sanders of the minimum sentence for robbery, the “Petition to Enter a Guilty Plea” which Sanders signed clearly stated that the minimum sentence for robbery is zero years and the maximum sentence is fifteen years. Therefore, this argument is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.