# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01141-COA

STANLEY WASHINGTON                                                  APPELLANT

v.

STATE OF MISSISSIPPI                                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/2018 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STANLEY WASHINGTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/16/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., TINDELL AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     On November 9, 2016, Stanley Washington pleaded guilty to a charge for burglary of a dwelling.  The Copiah County Circuit Court sentenced Washington as a non-violent habitual offender to ten years in the custody of the Mississippi Department of Corrections. On July 5, 2018, Washington filed a petition for post-conviction relief (PCR), claiming that his counsel was ineffective because he coerced him to enter a guilty plea.  The court summarily dismissed Washington's petition.  Finding no error, we affirm.

## STANDARD OF REVIEW

¶2.     The circuit court may dismiss a PCR petition without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings

in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the PCR petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

**ANALYSIS**

¶3.     A plea of guilty is not binding on a criminal defendant unless it is entered voluntarily and intelligently. *Myers v. State*, 583 So. 2d 174, 177 (Miss. 1991). "A plea is deemed 'voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992). "Specifically, the defendant must be told that a guilty plea involves a waiver of the right to trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." *Id*. (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). Washington bears the burden of proving by a preponderance of the evidence that he is entitled to relief. *See McClendon v. State*, 539 So. 2d 1375, 1377 (Miss. 1989).

¶4.     The record contains the transcript from Washington's plea hearing. The circuit judge at that plea hearing found that Washington "knowingly and intelligently waived his constitutional rights, [and] freely and voluntarily entered a plea of guilty." The plea transcript clearly indicates that Washington was aware of the facts and circumstances surrounding his guilty plea. The transcript also shows that the court informed Washington of the rights he would be waiving if he pleaded guilty instead of having a jury trial. Further,

Washington testified at the hearing that it was solely his decision to plead guilty. After review, we find the circuit court properly dismissed Washington's PCR petition.

¶5. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**