584 So.2d 764 (1991)
Bobby Daniel HORTON, Jr.
v.
STATE of Mississippi.
No. 90-KP-0412.
Supreme Court of Mississippi.
July 31, 1991.
*765 Bobby D. Horton Jr., pro se.
Mike C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the Court:
Bobby Daniel Horton's petition for postconviction collateral relief was summarily dismissed by the Circuit Court of DeSoto County, Mississippi. The allegations of Horton's petition, when considered with the exhibits, including a copy of the plea transcript, meet the pleading requirements of the Post-Conviction Collateral Relief Act and present a claim that is procedurally alive, substantially alleging a denial of a state and federal right. Therefore, we reverse and remand for an evidentiary hearing.
On April 6, 1986, Horton pled guilty in the DeSoto County Circuit Court to the crime of receiving stolen property and was sentenced to serve five (5) years in the Mississippi Department of Corrections with four (4) years suspended.
On February 17, 1989, the suspended portion of his sentence was revoked because Horton committed the crimes of aggravated assault, kidnapping, and grand larceny in August, 1988.
On July 24, 1989, Horton filed his petition for post-conviction collateral relief asserting:
(a) His guilty plea was involuntary and unintelligently made because the trial judge failed to advise him of his right against self-incrimination; and
(b) He was denied effective assistance of counsel because his attorney had advised him to plead guilty prior to investigating potential defenses.
As stated, this petition was dismissed without a hearing by the trial court. Aggrieved, Horton appeals.
Horton's 1986 guilty plea was initiated by his filing a petition which stated:
1. That the Defendant has been completely advised and now fully understands that he has a right to a speedy trial by jury with the aid of counsel.
2. That if this plea is accepted by the Court, I hereby waive the right of speedy trial by jury with the aid of counsel.
3. That I fully understand that I am charged in this cause with the commission of the crime of receiving stolen property, and that I am pleading guilty to same.
4. That I did commit the offense as set forth and contained in the Affidavit or Indictment charging this crime: receiving stolen property.
5. That my plea of guilty has not been induced by any promises as to what sentence will be imposed by the Court, no one has threatened or coerced me into entering this plea; no promises of any kind have been made to induce this plea and I further fully understand the consequences of entering such a plea.
6. That I have been advised of the maximum sentence the Court can impose upon this charge and plea. This plea is entered voluntarily and of my own free will because I am guilty and for no other reason. That the matter has been fully discussed with my attorney or attorneys, and I am satisfied with the service of my counsel.
7. I further represent unto the Court that I am mentally competent and fully understand this plea and further represent unto the Court there is no Constitutional right or reason why this Court should not accept this plea and enter sentence thereon.
8. I further represent unto the Court that I have read this Petition and understand the subject matter thereof.
9. I further understand that my counsel will be with me and render such aid as needed at the time of imposition of sentence.
*766 Horton subsequently appeared for a plea hearing with his counsel. The transcript of the hearing reveals the following colloquy between Horton and the court:
EXAMINATION BY THE COURT:
Q. Can you read?
A. Yes, sir.
Q. Have you read and do you understand that the request has been handed to me to offer a plea of guilty to the charge of receiving stolen property?
A. Yes, sir.
Q. Has Mr. Jones also explained it to you?[1]
A. Yes, sir.
Q. Did you sign it?
A. Yes, sir.
Q. Are you under the influence of any medicine, drugs, alcohol, anything that would affect your ability to think clearly and understand where you are and what you are doing?
A. No, sir.
Q. You realize you are before the Circuit Court in DeSoto County offering a plea of guilty to a felony charge?
A. Yes, sir.
Q. Have you ever been treated for any type of mental or emotional sickness?
A. No, sir.
Q. You are thinking clearly and you know where you are?
A Yes, sir.
* * * * * *
COURT: You understand then, that that's the factual situation you are offering a plea of guilty in?
DEFENDANT: Yes, sir.
COURT: Mr. Jones, have you conducted your own investigation into these charges?
MR. JONES: Yes, sir, I have.
COURT: Are you satisfied that the State would be able to meet its required burden of proof?
MR. JONES: Yes, sir.
COURT: Are you satisfied that the act was committed within the jurisdiction of the DeSoto County Circuit Court?
MR. JONES: Yes, sir.
FURTHER EXAMINATION BY THE COURT:
Q. Do you know what a felony charge is Mr. Horton?
A. Yes, sir.
Q. High crime that carries penitentiary sentence. Do you understand that?
A. Yes, sir.
Q. Do you know that you have an absolute right to a trial by a jury on this charge?
A. Yes, sir.
Q. The jury would be made up of people who live here in DeSoto County.
A. Yes, sir.
Q. You have the right to the assistance of Mr. Jones to help you conduct a jury trial.
A. Yes, sir.
Q. Do you understand that if I accept your offer of a plea of guilty, you are giving up your right to a trial by a jury?
A. Yes, sir.
Q. Has anyone threatened you, mistreated you, or used any form of trickery to get you to plead guilty?
A. No, sir.
Q. Has anyone suggested leniency, or mercy, or no action on my part to get you to plead guilty?
A. No, sir.
Q. Tell me in your own words, what you think a plea of guilty is.
A. Admitting that I did what I was charged with, what they dropped the charges to.
Q. Admitting to the amended charge of receiving stolen property?
A. Yes, sir.
Q. Did anyone force you to come in here and say that?
A. No, sir.
Q. Are you the type person to plead guilty to something that you are not guilty of?
A. No, sir.

*767 Q. If you were wrongfully accused, would you demand your right to a jury trial and make that lawyer prove you guilty to the satisfaction of a jury?
A. Yes, sir.
Q. Do you understand what a jury's function would be in this case?
A. Yes, sir.
Q. Listen to the evidence presented against you, listen to the evidence presented in our behalf, follow my instructions of the law and make that determination.
A. Yes, sir.
Q. You understand that if I accept your plea of guilty you not only give up your right to a jury trial, you give up your right to appeal any action that I take to the Supreme Court.
A. Yes, sir.
Q. You give up your right to appear in Open Court and look the people in the eye and confront those people who accused you of these charges.
A. Yes, sir.
Q. Are you satisfied with the work and advise [sic] and assistance furnished you by Mr. Jones?
A. Yes, sir.
Q. Ya'll haven't had any disagreement or misunderstanding?
A. No, sir.
Q. You understand that a plea of guilty becomes final?
A. Yes, sir.
COURT: The Court will accept his plea of guilty. He appears to be alert and responsive to my questions, and I see no reason not to do so... .
Under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq. (Supp. 1990), we consider on appeal from summary denial and dismissal of petitioner's claim whether the application presents "a claim procedurally alive `substantial[ly] showing denial of a state or federal right.'" If so, the petitioner is entitled to an in-court opportunity to prove his claims. Neal v. State, 525 So.2d 1279, 1281 (Miss. 1987). Our procedural posture is analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim. See Miss. R.Civ.P. Rule 12(b)(6); Billiot v. State, 515 So.2d 1234, 1236 (Miss. 1987). We examined the application, exhibits, and appellate record for the purpose of determining whether they suffice to warrant an evidentiary hearing on the issues presented.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), admonishes us that a defendant must be informed of his constitutional right to trial by jury, to the right of confrontation, and to protection against self-incrimination prior to court adjudication that a guilty plea was intelligent and voluntary. In Boykin, the United States Supreme Court stated:
Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 12 L.Ed.2d 653, 84 S.Ct. 1489 [1964]. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 20 L.Ed.2d 491, 88 S.Ct. 1444 [1968]. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065 [1965]. We cannot presume a waiver of these three important federal rights from a silent record.
Careful scrutiny of the plea transcript fails to reveal an affirmative expression by the trial court informing Horton that by pleading guilty he waived his constitutional right against self-incrimination.
Although Horton's petition to the court to accept his plea of guilty recites that there is "no constitutional right or reason why this court should not accept this plea and enter sentence thereon," this will not suffice to show that he was advised or informed of his constitutional right against self-incrimination. The constitutional rights discussed in Boykin were firmly inserted in Unif.Crim.R.Cir.Ct.P. Rule 3.03(3) which provides in part:

*768 (3) Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the defense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
(b) that the accused understands that by pleading guilty he waives his constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, the right against self-incrimination.

Rule 3.03 sets the stage for inclusion by the trial court in its transcript of the plea hearing certain requisites so that "when the judge discharges that function, he leaves a record adequate for any review that may be later sought ... and forestalls the spin off of collateral proceedings that seek to probe murky memories." Boykin, 395 U.S. at 243, 244, 89 S.Ct. at 1712, 23 L.Ed.2d at 280. See also Wilson v. State, 577 So.2d 394 (Miss. 1991).
In Vittitoe v. State, 556 So.2d 1062 (Miss. 1990), we held that a guilty plea was involuntary and unintelligently made where the defendant was not informed of the maximum and minimum sentences he might receive. In Vittitoe, however, the evidence adduced during an evidentiary hearing confirmed violation of Rule 3.03 and resulting prejudice. We decide here only whether Horton is entitled to an evidentiary hearing.
In Wilson, we held that an evidentiary hearing should be granted where the record was so inadequate that it was impossible to determine whether the defendant really understood the nature of his guilty plea. In this case, the plea record confirms allegations that the trial court judge failed to advise Horton of his constitutional right against self-incrimination. This unchallenged allegation entitles Horton to an evidentiary hearing on the issue.
We are not unmindful of Womble v. State, 466 So.2d 910 (Miss. 1985), holding that a mere technical violation of Rule 3.03 does not invalidate a guilty plea. It conforms to similar holdings by the United States Supreme Court in United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), and the Fifth Circuit Court of Appeals, U.S. v. Green, 882 F.2d 999 (5th Cir.1989). These rules are not applicable to this case, however, because none of those cases involve the constitutional rights discussed in Boykin.
Moreover, we are not called upon today to determine whether Horton is entitled to relief on the merits of his application. Our decision is restricted to his entitlement to an evidentiary hearing where he will have the opportunity to prove his claim. Likewise, the state will have the right of refutation.
We acknowledge and follow the rule that a defective guilty plea transcript may be rehabilitated and cured by evidence obtained in a post-conviction hearing. Youngblood v. State, 542 N.E.2d 188 (Ind. 1989), LeBlanc v. Henderson, 478 F.2d 481, 483 (5th Cir.1973), cert. denied 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). See also, Todd v. Lockhart, 490 F.2d 626, 627 (8th Cir.1974) (when Boykin rights are missing, state post-conviction testimony may "cure the defective plea taking transcript").
Horton's complaint that his counsel failed to test the prosecutor's case is without merit and contrary to settled case law. In Powell v. State, 536 So.2d 13, 16 (Miss. 1988), we held that the mere fact that an attorney did not file a motion for discovery is not sufficient to raise an ineffective assistance of counsel claim. "The filing of pretrial motions falls squarely under the ambit of trial strategy." Citing Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984).
REVERSED AND REMANDED FOR AN EVIDENTIARY HEARING ON THE SOLE ISSUE OF THE VOLUNTARINESS OF THE GUILTY PLEA.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
HAWKINS, P.J., specially concurs.
DAN M. LEE, P.J., not participating.
*769 HAWKINS, Presiding Justice, specially concurring:
I concur in reversing this case, but would not analogize a petition for post-conviction relief under the statute to a motion to dismiss under Rule 12(b) of the Rules of Civil Procedure. Myers v. State, 583 So.2d 174 (Miss. 1991), Hawkins, P.J., specially concurring.
NOTES
[1] Mr. Jones was trial court counsel for Horton.