SULLIVAN, Justice,
for the Court:
In 1988, Jerry Hubbard was indicted for capital murder by the Circuit Court of Wash *1387 ington County, Mississippi. Hubbard dismissed two local attorneys appointed for him by the court and employed Patrick Costa, a licensed, practicing attorney of New Orleans, Louisiana. Mr. Costa was not licensed to practice law in Mississippi, although he was a member of the Louisiana Bar and for 21 years was actively engaged almost exclusively in the practice of criminal law, having participated in more than 20 murder trials.
After plea bargain negotiations with the prosecutor on January 17, 1989, Hubbard and his attorney requested permission to withdraw his not guilty plea to the capital murder charge and enter a plea of guilty to the lesser included offense of murder. The trial judge conducted a lengthy and extended plea hearing, including a colloquy with Hubbard, who at the time was under oath. Hubbard informed the trial judge that he made his own final decision to enter the guilty plea and that he understood that his sentence would be life imprisonment in the penitentiary-
On June 13, 1991, Hubbard filed in the Circuit Court of Washington County his motion to vacate and set aside his guilty plea, conviction, and sentence on the ground that it was entered through the sole advice of Costa, an attorney, not licensed to practice law in Mississippi, which rendered his plea null and void and effectively denied him right to competent counsel.
The trial judge summarily denied and dismissed Hubbard’s motion. This appeal contends that the trial judge erred in denying Hubbard an evidentiary hearing on his claim of ineffective assistance of counsel.
The trial judge was correct. It is clear from reading the record that Hubbard told the trial judge under oath that he had assistance of counsel, that he had discussed changing his plea with his attorney, but that the final decision to change the plea was Hubbard’s alone. He also told the trial judge that he knew and understood at the time he changed his plea that under the law, he would be sentenced to life imprisonment in the penitentiary.
On this record there is no support for Hubbard’s appellate claim. Examination of the record and pleadings are conclusive that Hubbard was not entitled to an evidentiary hearing. Neal v. State, 525 So.2d 1279, 1281 (Miss.1987); Billiot v. State, 515 So.2d 1234, 1236-37 (Miss.1987).
Hubbard also fails to disclose on this record that he would have acted any differently or pled any differently if represented by a licensed Mississippi attorney, instead of a Louisiana attorney. Costa’s failure to comply with court rules concerning appearances by foreign attorneys may subject Costa to discipline for his failure to comply with Miss.Sup.Ct.R. 46, but does not, per se, create ineffective assistance of counsel. Ineffective assistance of counsel is considered pursuant to the standards set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test of that case is not met here. Furthermore, when a convicted felon challenges his guilty plea on the grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity, that those errors proximately caused or resulted in his guilty plea, and but for his counsel’s errors, he would not have entered the plea. Schmitt v. State, 560 So.2d 148, 161 (Miss.1990). Such is not the case here.
LOWER COURT’S DENIAL AND DISMISSAL OF MOTION FOR POST-CONVICTION RELIEF TO VACATE AND SET ASIDE GUILTY PLEA IS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.