# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00463-SCT

*LENZY LOUIS HODGIN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/23/96 |
| TRIAL JUDGE: | HON. RICHARD WAYNE McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/1/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## I. INTRODUCTION

¶1. This case arises from the alleged sexual molestation of several young boys on a flag football team coached by the appellant, Lenzy Louis Hodgin. Hodgin was indicted on five counts of child fondling and one count of sexual battery. Hodgin agreed to plead guilty to one charge of fondling a seven-year-old boy. The State agreed to recommend the maximum sentence of ten years on this charge, and to pass the other charges to the files. Upon the entry of Hodgin's guilty plea, and, in accordance with the State's recommendation, the trial court sentenced Hodgin to ten years on one count of fondling.

¶2. Hodgin's subsequent motion for post-conviction relief was denied, giving rise to the appeal *sub judice*. Hodgin raises the following issues for consideration by this Court.

**A. Whether the trial court erred in accepting Hodgin's guilty plea?**

**B. Whether Hodgin received effective assistance of counsel?**

¶3. Hodgin's assertions (that his plea was not voluntarily and intelligently given and that he received ineffective assistance of counsel) are not supported by and are contradicted by the record. Therefore, the trial court's denial of post-conviction relief is affirmed.

¶4. However, this case raises the question of whether it is appropriate for several guilty pleas to be entered simultaneously. Although the record in this case does not require reversal, the better practice would be for pleas to be entered individually. Therefore, in the future, the practice of hearing more than one guilty plea at the same time should be avoided, except in cases where charges against more than one defendant arise from the same set of facts. Furthermore, where the pleas of more than one defendant are entered in the same proceeding, it is incumbent on the court reporter to record the entire proceeding.

## II. <u>STATEMENT OF THE FACTS</u>

¶5. The record reflects that, on September 15, 1994, "several defendants were before the [Forrest County Circuit C]ourt to enter pleas of guilty." The trial judge called Hodgin forward and stated the charges against Hodgin, which included five indictments for fondling and one indictment for sexual battery. The prosecutor and defense counsel indicated that they had agreed that Hodgin should plead guilty on one charge of fondling and that the State would recommend the maximum sentence on that count; in exchange, the State would pass the other indictments to the files.

¶6. The Circuit Clerk administered the oath to all the defendants, after which, the trial judge individually questioned Hodgin. In response to the judge's questioning, Hodgin, age 24, testified that he had twelve years of education and had been employed as a truck driver.

¶7. Thereafter, the trial judge questioned the entire group of defendants. The record does not include the responses of the other defendants before the trial court. However, it appears that each defendant answered each question individually, because the record indicates that "[a]ll answers [transcribed] will be those of Mr. Hodgin unless otherwise indicated." Hodgin stated that he was not under the influence of drugs or intoxicants, and that he understood the nature and the consequences of the charges against him.

¶8. The trial judge then addressed Hodgin individually as follows: "Lenzy Hodgin, did you commit the crime of Fondling?" To which Hodgin replied, "Yes, sir."

¶9. The trial judge resumed his questions to the group, and Hodgin responded that no one had led him to believe that he would receive a sentence less than the one recommended by the State, and he understood that the trial judge was not obligated to accept the recommendation of the State. Hodgin also stated that he understood the minimum and the maximum sentences that could be imposed in his case. He understood that, by entering a guilty plea, he waived his right to appeal; his right against self-incrimination; his right to a jury trial; his right to have the State prove the case against him beyond a reasonable doubt; his right to confront the witnesses against him; and his rights to testify or not testify.

¶10. Hodgin admitted that he committed the crime and testified that his plea was not the result of threats or promises. Hodgin's attorney testified that Hodgin had been advised of and fully understood his constitutional and statutory rights. Hodgin testified that he was satisfied with the services of his attorney; that his attorney made no threats or promises to get him to plead guilty; and, that he had been properly represented by his attorney.

¶11. Hodgin further stated that his testimony was true and that he was pleading guilty because he was, in fact, guilty, and for no other reason. Hodgin knew of no reason why the trial judge should reject his plea.

¶12. The record indicates that, thereafter, the "defendants were before the court individually with their attorneys." Hodgin, once again, admitted his guilt. The State recommended a sentence of ten years in prison. The trial judge noted that ten years was the maximum sentence, and the following exchange took place:

> BY THE COURT: We should note for the record that, I presume, that was done, and I'm sure [defense counsel] must have worked out a situation, because there were other cases pending.
>
> BY [THE PROSECUTOR]: Yes, sir.
>
> BY THE COURT: I want to make absolutely certain, since it is the maximum sentence, the reasoning behind giving a maximum sentence on a plea arrangement.
>
> BY [THE PROSECUTOR]: Yes, sir. I believe [defense counsel] and his client understand that in exchange for receiving the maximum sentence on the one count, that we will not proceed on the other counts.
>
> BY THE COURT: Is that correct?
>
> [BY HODGIN]: Yes, sir.
>
> * * *
>
> BY [DEFENSE COUNSEL]: And all pending charges will be merged and passed to the files.
>
> BY [THE PROSECUTOR]: That's correct.

### III. LEGAL ANALYSIS

¶13. The trial court denied Hodgin's PCR motion without an evidentiary hearing. This type of ruling is allowed under Miss. Code Ann. § 99-39-11(2), which provides that:

> [i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

Miss. Code Ann. § 99-39-11(2) (Supp. 1995); *see also Hubbard v. State*, 628 So. 2d 1386, 1387 (Miss. 1993). In reviewing this case,

> [o]ur procedural posture is analogous to that when a defendant in a civil action moves to

dismiss for failure to state a claim. We examine the application, exhibits, and appellate record for the purpose of determining whether they suffice to warrant an evidentiary hearing on the issues presented.

*Horton v. State*, 584 So. 2d 764, 767 (Miss. 1991) (citations omitted).

A. Whether the trial court erred in accepting Hodgin's guilty plea?

¶14. Hodgin first argues that his plea was neither voluntarily nor intelligently given. He contends that 25-30 criminal defendants were presented to the trial court at the same time to enter guilty pleas, and that the trial judge did not address him "personally" to ascertain whether his plea was voluntarily given. Hodgin alleges that he could not tell whether the trial judge was speaking to him or one of the other defendants. Hodgin also fears that his individual responses were not heard by the trial judge.

¶15. The record reflects that Hodgin's plea and those of "several" others were entered during the same proceeding. However, the trial judge individually addressed Hodgin regarding the fondling charge. Furthermore, although the trial judge advised the defendants of their constitutional rights as a group, the trial judge questioned each defendant's comprehension of these rights, and Hodgin's individual responses were recorded. Therefore, Hodgin's assertions that he could not understand the trial judge and the trial judge could not hear his responses are belied by the record.

¶16. In support of his argument, Hodgin cites *Boykin v. Alabama*, 395 U.S. 238 (1969), and Rule 3.03 (3) of the Mississippi Uniform Criminal Rules of Circuit Court Practice.

> *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), admonishes us that a defendant must be informed of his constitutional right to trial by jury, to the right of confrontation, and to protection against self-incrimination prior to court adjudication that a guilty plea was intelligent and voluntary.

*Horton*, 584 So. 2d at 767.

¶17. The constitutional rights discussed in *Boykin* were firmly inserted in Unif. Crim. R. Cir. Ct. P. Rule 3.03(3)[1] which provided in part:

> (3) Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant *personally* and to inquire and determine:

> (b.) That the accused understands that by pleading guilty he waives his constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, the right against self-incrimination.

*Horton* 584 So. 2d at 767-68 (emphasis added).

> Rule 3.03 does not contain specific requirements as such, but the Mississippi Supreme Court did note in *Gilliard v. State*, 462 So. 2d 710, 712 (Miss. 1985), that, in order for a guilty plea to meet constitutional standards,:

> It is essential that an accused have knowledge of the critical elements of the charge against him,

that he fully understand the charge, how it affects him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered a plea of guilty. (citing *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct.2253, 49 L.Ed.2d 108 (1976)).

*Gaskin v. State*, 618 So. 2d 103, 107 (Miss. 1993).

¶18. The record indicates that the circumstances of Hodgin's plea met these constitutional standards. Although Hodgin's plea was entered along with the pleas of several other criminal defendants, the trial judge addressed Hodgin individually and explained the charges against Hodgin. The trial judge explained the accuseds' constitutional rights to the entire group. However, Hodgin's individual responses, which indicated his comprehension of each of these rights, were elicited and recorded.

¶19. This Court has held that "[t]he [trial] court must . . . determine in a face-to-face exchange in open court that the accused knows and understands the rights to which he is entitled." *Nelson v. State*, 626 So. 2d 121, 126 (Miss. 1993). The plea discourse in this case met this minimum requirement. *See generally Horton*, 584 So. 2d at 768 ("[a] mere technical violation of Rule 3.03 does not invalidate a guilty plea."); *Banana v. State*, 635 So. 2d 851, 854-855 (Miss. 1994); *Womble v. State*, 466 So. 2d 910 (Miss. 1985).

¶20. In addition, Hodgin claims that he was not advised that the maximum sentence for fondling was ten years. Had he known, Hodgin asserts that he would never have pled guilty and agreed to the State's recommendation of ten years (the maximum possible sentence for his crime). This assertion is totally contradicted by the record, in which the trial judge personally addressed Hodgin and discussed the fact that the State had recommended the maximum, ten-year sentence in this case. The record clearly shows that Hodgin received the maximum sentence in exchange for the passing to the files of all the other charges against him. The record also clearly indicates that Hodgin understood the reasoning behind the maximum sentence on this one count. Therefore, his argument to the contrary is without merit.

## B. Whether Hodgin received effective assistance of counsel?

¶21. Hodgin also contends that his trial counsel was ineffective, because he allowed Hodgin to "be subjected to entering [the] guilty plea with twenty-five (25) or thirty (30) other defendants all with different charges in an open court room." Hodgin claims that his attorney "did not properly see that [Hodgin received] a proper plea hearing."

¶22. The standard for reviewing claims of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and is well-settled:

Our inquiry under *Strickland* is twofold:

(1) Was defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so

(2) Was [the appellant] prejudiced by such failure to meet that standard?

*Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994).

¶23. This test applies to guilty pleas. *Mowdy v. State*, 638 So. 2d 738, 742 (Miss. 1994) (citing *Hill v. Lockhart* 474 U.S. 52, 58 (1985)). The "defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." *Hansen*, 649 So. 2d at 1258; *McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990) (holding that defendant must prove both prongs of the *Strickland* test).

¶24. "[T]his Court bases its decisions as to whether counsel's efforts were effective on the totality of the circumstances surrounding each case." *McQuarter*, 574 So. 2d at 687. This Court's scrutiny of defense counsel's performance is highly deferential. *See Hansen*, 649 So. 2d at 1259.

¶25. In order to prevail on this issue, the appellant must "allege that the asserted errors of his attorney proximately resulted in his guilty plea and, but for these errors, he would not have entered the plea." *Harveston v. State*, 597 So. 2d 641, 642 (Miss. 1992) (citing *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988); *Odom v. State*, 498 So. 2d 331, 333-34 (Miss. 1986); *Coleman v. State*, 483 So. 2d 680, 682-83 (Miss. 1986)). *See also Alexander v. State*, 605 So. 2d 1170, 1173 (Miss. 1992).

¶26. Furthermore, where the defendant raises questions of fact regarding either deficiency of counsel's conduct or prejudice to the defense, he is entitled to an evidentiary hearing. *Alexander*, 605 So. 2d at 1173. However, Hodgin's PCR filings raise no such questions. The record reflects that, although several defendants were before the trial judge at Hodgin's plea hearing, Hodgin was individually addressed with regard to his plea. Hodgin indicated that he understood that he would receive the maximum sentence in exchange for the non-prosecution of five other charges against him.

¶27. There is nothing in the record to indicate that Hodgin's attorney provided deficient representation. There is also no indication that the attorney's performance prejudiced Hodgin. Moreover, Hodgin testified at the plea hearing that he was satisfied with the services of his attorney, and, that he had been properly represented by his attorney. For these reasons, Hodgin's claim that he received ineffective assistance of counsel is without merit.

## IV. <u>CONCLUSION</u>

¶28. Hodgin's claims that his plea was involuntarily entered and that he received ineffective assistance of counsel are contradicted by the record in this case. Therefore, the trial judge's denial of Hodgin's PCR motion is affirmed.

¶29. Moreover, although the facts in this case do not require reversal, this Court notes with disapproval the practice of simultaneously hearing more than one guilty plea. In the future, the better practice would be to hear each plea individually, except in cases where several defendants are charged under the same set of facts. Furthermore, in cases where more than one guilty plea is entered, it is incumbent on the court reporter to record the entire proceeding, including the responses of all defendants before the trial court. This procedure will help ensure that all those who enter guilty pleas receive the "face-to-face exchange in open court" to which they are entitled. *See Nelson* 626 So. 2d at 126.

¶30. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ.,**

**CONCUR. PITTMAN, J., NOT PARTICIPATING.**

1. This provision is now Rule 8.04 (4) (C) of the Mississippi Uniform Rules of Circuit and County Court Practice.