LEE, J., for the Court:
¶ 1. This is an appeal from the Circuit Court of Scott County from the denial of a motion for post-conviction collateral relief under the Mississippi Uniform Posh-Conviction Collateral Relief Act, Miss.Code Ann. §§ 99-39-1 to 99-39-29 (1994 and Rev.2000). The appellant, Tom Champion, pleaded guilty to three counts of the sale of cocaine within 1500 feet of a church and was sentenced to serve a total of sixteen years in the custody of the Mississippi Department of Corrections. In addition, Champion was ordered to pay a fine of $1,500 and court costs. The maximum sentence for the three counts was stated as sixty years imprisonment and a two million dollar fine.
¶ 2. In this pro se appeal, Champion asserts as error that the court should not have denied his motion for post-conviction relief without having required an evi-dentiary hearing regarding the following claims: that the indictment was void because it was not signed by the foreman of the grand jury, that his counsel was ineffective in failing to ñle a motion to dismiss on this ground, and that his plea was not knowingly and voluntarily entered. Though Champion’s motion is inartfully drafted, it must be considered, for “a prisoner’s meritorious complaint may not be lost because inartfully drafted.” Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990). If the dismissal of the claim presents the denial of a state or federal right, the petitioner is entitled to an in-court opportunity to prove his claims. Horton v. State, 584 So.2d 764, 767 (Miss.1991).
¶ 3. The record shows that the indictment was signed by the foreman of *331 the grand jury. Where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record to the extent that the court can conclude that the affidavit is a sham, no hearing is required. Gable v. State, 748 So.2d 703, 706 (¶ 9) (Miss.1999). Furthermore, we cannot fault Champion’s counsel for failing to challenge a nonexistent defect in the indictment. Though we find that there is no merit to these claims, a review of the record indicates that there is no support to show that Champion’s plea was voluntarily and knowingly made, as required by URCCC 8.04(A)(3). The only guilty plea in the record was withdrawn, and there is no record of a plea made subsequent to the withdrawn plea.
¶4. The record shows that Champion pled guilty before the court at a hearing on June 15, 1998, which convened at 9:28 a.m. Though Champion stated at that hearing that he was taking prescribed medication for pain, he indicated that he understood the proceedings. After a thorough examination by the court informing Champion of his rights and his maximum sentence, the court found that Champion’s plea was freely and voluntarily entered. The transcript of the proceedings shows that after the plea was accepted, an off-the-record conference took place beginning at 9:40 a.m. The Champion matter was again brought to the record at 10:18 a.m., at which time Champion withdrew his guilty plea. As explanation for Champion’s withdrawal his counsel stated:
In discussing it with Mr. Champion, he seems a little unsure and a little confused at this point right now, and we believe that maybe this medication he is taking could have some factors involved here, Your Honor, and we would withdraw the plea for right now, Your Hon- or.
The court accepted the plea as withdrawn and stated that trial would be set for the next term of court on August 3. There is nothing in the record in regard to any proceeding on August 3.
¶ 5. The record then shows that Champion again came before the court on August 13, 1998. At that time the court stated:
Let me state for the record the chronology of this matter. This matter came on before the Court at the prior term for plea, and for good and sufficient reasons, the plea was allowed to be withdrawn and a record was made of that plea and continued until this term of Court, on Monday, August 3, 1998, the Court inquired of the Defendant, through his attorney and the Defendant, and he expressed the desire to be rearraigned and to enter his plea of guilt, and that was taken on that date. The Court, as a matter of accommodation, did not impose the sentence at that time, but continued the matter until this date in order to allow the Defendant to take care of some personal matters, or some good and sufficient reason. So we’re here today for the Court to formally impose the sentence.
Though the record shows that on August 13 Champion answered to the court that he stood by his plea and that he was not under the influence of drugs or intoxicants, there is no record of a guilty plea proceeding other than that taken on June 15. The reason given for the withdrawal of that plea, according to Champion’s counsel, in essence was that because Champion was under the influence of a prescribed medication that it was not a “knowing” plea and thus not a valid one. According to the court’s statement above, another plea was entered on August 3; however, because there is no record of that proceeding, there is no way for this Court to review that plea *332 to determine whether it was a knowing and voluntary one.
¶ 6. A trial court should not accept a guilty plea or a change from a not guilty to a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. Alexander v. State, 226 So.2d 905, 909 (Miss.1969). Though a transcript of the proceeding is essential, other offers of clear and convincing evidence proving that the defendant entered a guilty plea voluntarily are sufficient. Id. For example, an evidentiary hearing can and has established that a defendant’s guilty plea was entered voluntarily. Taylor v. State, 285 So.2d 172, 177 (Miss.1973). In short, a record should be made of what transpired at the pleading stage, which is sufficient to support the acceptance by the trial court of the guilty plea and to reflect that it was made voluntarily and understandingly by the defendant. Alexander, 226 So.2d at 909.
¶ 7. Though the record in this case does contain a petition to plead guilty, the petition is neither signed nor sworn and does not suffice to meet the burden necessary for clear and convincing evidence as proof that the plea was voluntary and sufficient. Taylor, 285 So.2d at 177. The facts of this case are similar to those in Wilson v. State, 577 So.2d 394, 397-98 (Miss.1991), where there was no record of the guilty plea other that a guilty plea petition. In that case, the court reversed and remanded for an evidentiary hearing. We therefore are compelled to reverse for an evi-dentiary hearing for a determination of this issue.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUE OF THE VOLUNTARINESS OF THE GUILTY PLEA. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS AND CHANDLER, JJ., CONCUR.