IRVING, J.,
for the Court.
¶ 1. After pleading guilty to one felony count of receiving stolen property, Cornelius Bady filed a motion for post-conviction relief (PCR) with the Lee County Circuit Court.[1] The circuit court denied the motion. Aggrieved, Bady appeals and asserts (1) that the court erred in failing to inform him of his right to appeal his sentence, (2) that the court erred in failing to find the indictment defective, (3) that he received ineffective assistance of counsel, (4) that the court erred in sentencing him for a felony rather than a misdemeanor, (5) that his guilty plea was not knowingly and intelligently entered, (6) that the court erred in finding the affidavit for the search warrant sufficient, and (7) that the search was illegal because the officers failed to produce the search warrant prior to searching his residence.
¶ 2. Finding error, we reverse the judgment of the circuit court denying post-conviction relief and remand this case for further proceedings consistent with this opinion.
FACTS
¶ 3. In October 2005, Bady was indicted for a felony charge of receiving stolen property. The indictment charged Bady with “willfully, unlawfully, and feloniously and knowingly” receiving, possessing, retaining, or disposing of a television valued at more than $500. On May 30, 2006, Bady pleaded guilty and was sentenced to six years in the custody of the Mississippi Department of Corrections. Thereafter, Bady filed a PCR motion to which he attached a copy of a receipt for the television which established that it was purchased in August 2003 for $349.99. The receipt also indicated that in addition to the television a forty-eight month warranty was purchased for $159.99, which brought the price of both items to $546.65 after sales tax was added to the subtotal. In his motion, Bady claimed that his attorney was ineffective for allowing him to plead guilty to a felony when he had in fact committed a misdemeanor. The court denied Bady’s request for relief without mentioning or addressing the receipt which established that the value of the television on the date of purchase did not exceed five hundred dollars. The court simply found that he “failed to demonstrate a deficiency in his counsel’s performance and any prejudicial effect such performance had on [his] defense.”
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. We only address the merits of Bady’s ineffective assistance of counsel claim, as we find that his other issues are either without merit or are subsumed in his ineffective assistance of counsel claim. The State, relying on Horton v. State, 584 So.2d 764, 767 (Miss.1991), contends that Bady is not entitled to any relief because he failed to present a claim that is “procedurally alive substantially showing denial of a state or federal right.”
¶ 5. We disagree, as it appears to us that Bady was denied his right to effective assistance of counsel guaranteed to him by the Sixth Amendment to the United States Constitution. We base our decision on the fact that Bady’s attorney represented him as he pleaded guilty to felonious receipt of stolen property when it appears that Bady’s actions only rose to the level of misdemeanor receipt of stolen property. *820 Mississippi Code Annotated section 97-17-70(5) (Supp.2007) clearly provides that:
Any person who shall be convicted of receiving stolen property which does not exceed Five Hundred Dollars ($500.00) in value shall be punishable by imprisonment for not more than six (6) months or by a fine of not more than One Thousand Dollars ($1,000.00), or both.
(Emphasis added). Bady was convicted and sentenced under Mississippi Code Annotated section 97-17-70(4) (Supp.2007) which provides that:
Any person who shall by convicted of receiving stolen property which exceeds Five Hundred Dollars ($500.00) in value shall be committed to the custody of the State Department of Corrections for a term not exceeding ten (10) years or by a fine of not more than Ten Thousand Dollars ($10,000), or both.
(Emphasis added).
¶ 6. As stated, Bady attached to his PCR motion a copy of a receipt purporting to be the original sales receipt for the stolen television. No one questioned the authenticity of the receipt, but we cannot be sure, based on the record before us, that the receipt is genuine, although it appears to be. If the receipt is an authentic copy of the sales receipt for the television, we find that Bady likely received ineffective assistance of counsel, as his guilty plea was not part of a plea deal. Therefore, we reverse and remand this case to the circuit court for an evidentiary hearing for the purpose of determining the authenticity of the receipt and any other matters that may bear upon the question of whether Bady was aware, at the time of his plea, that the value of the television was below five hundred dollars. As previously stated, it appears that the television was purchased for $349.99 and the warranty was purchased for $159.99. Thus, if the receipt that is in the record is authentic, the television alone was never worth more than five hundred dollars. Moreover, even if the price of the warranty should be considered as part of the value of the television, it can hardly be argued that the television was worth five hundred dollars when Bady came into possession of it because at that time the television was almost two years old. Bady’s attorney should have realized that there was an insufficient factual basis for allowing his client to plead guilty to felony possession. Unless Bady’s attorney on remand can produce a good reason, which is not readily apparent to us, for allowing his client to plead guilty to a felony on the facts of this case, the attorney’s conduct was clearly deficient. It necessarily follows that but for this deficiency Bady would not have been convicted of felony possession of stolen property. We conclude that Bady’s PCR motion was sufficient to justify an evidentiary hearing. Therefore, we reverse and remand this case for further proceedings consistent with this opinion.[2]
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
*821 KING, C.J., LEE AND MYERS, P.JJ. BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND GRIFFIS, JJ.

. In actuality, Bady filed a motion to vacate and set aside his conviction and sentence; however, the court considered the motion as one for post-conviction relief.

. As noted, one of Bady's issues is that the circuit court should have sentenced him for misdemeanor possession of stolen property. If on remand the circuit court determines that the receipt is authentic and that Bady was not aware at the time of his plea that his conduct did not rise to the level of felony possession of stolen property, the court may, in its discretion, dispense with an evidentiary hearing and resentence Bady for misdemeanor possession of stolen property.