**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Alan D. SUDDUTH, Defendant–Appellant.**

**No. 98CA1242.**

Colorado Court of Appeals, Div. IV.

Aug. 19, 1999.

Rehearing Denied Oct. 28, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Sharon D. Liko, P.C., Sharon D. Liko, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Alan D. Sudduth, appeals from the trial court order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm in part and reverse in part and remand for further proceedings.

Defendant was charged with multiple offenses as a result of the robbery and murder of a cab driver. Pursuant to a plea agreement, several counts were dismissed and defendant entered guilty pleas to second degree murder, a class two felony, and aggravated robbery, a class three felony. The parties stipulated that defendant would receive an aggravated-range sentence of 48 years for the second degree murder conviction and a consecutive aggravated-range sentence of 22 years for the aggravated robbery conviction.

Defendant later filed a *pro se* Crim. P. 35(c) motion. He alleged that: he had not been properly and adequately advised concerning mandatory parole; he had not understood that "consecutive" sentences meant that his sentences would be served separately and not at the same time; his counsel had provided ineffective assistance by advising him that he would serve only ten years in

prison; and the court had failed to make the findings required for a sentence in the aggravated range. Defendant asserted that his plea was therefore not knowingly and voluntarily entered, and he requested either that he be permitted to withdraw his plea or that his sentence be reduced to comport with his understanding of the plea agreement.

Without holding a hearing, the district court entered an order denying the motion. It concluded that defendant had been sufficiently advised regarding mandatory parole. In its order, the court did not address defendant's other contentions.

## I.

■ On appeal, defendant does not challenge the adequacy of his advisement concerning mandatory parole. We therefore do not address that issue. However, we note that, because the mittimus does not reflect the required mandatory parole, it is necessary to remand the cause for correction of the mittimus. *See People v. Barth,* 981 P.2d 1102 (Colo.App.1999); *People v. McKnight,* 628 P.2d 628 (Colo.App.1981).

■ We also note that the mittimus erroneously indicates that defendant's conviction of aggravated robbery was for a class four felony. The mittimus must therefore also be corrected to reflect that aggravated robbery is a class three felony. *See* § 18–4–302(3), C.R.S.1998.

## II.

Defendant contends the trial court erred in rejecting his claim of ineffective assistance of counsel. In the circumstances presented here, we conclude that a hearing is necessary.

■ Initially, we reject defendant's assertion that a hearing was necessary to determine whether counsel provided ineffective assistance by failing to advise him sufficiently that the sentences would be served "separately" rather than "at the same time." In the request to plead guilty signed by defendant, he acknowledged that, if he was pleading guilty to more than one offense, the court could impose sentences to be served "consec-

utively or concurrently." The plea agreement itself provided that defendant was sentenced to 48 years for second degree murder and "22 years consecutive" for the aggravated robbery. At the providency hearing, the prosecutor stated, "There would be a stipulated sentence of 70 years; 48 years on the second degree murder, 22 years on the aggravated robbery." Finally, the prosecutor at the sentencing hearing stated, with defendant present, that it had been explained to the family of the victim that defendant was to receive a sentence of 70 years. The record therefore belies defendant's allegation that he was insufficiently advised, and the trial court properly rejected this claim without a hearing.

■ However, the same record is not sufficient to dispose of defendant's assertion that defense counsel was ineffective in affirmatively advising him that he would serve no more than ten years in prison. This allegation pertained, not to the stipulated prison sentences, but to eligibility for discretionary parole before the terms of imprisonment were fully served. However improbable, the allegation raises a factual issue requiring a hearing to resolve.

We recognize that, in accepting a guilty plea, a court is not required to ascertain the defendant's knowledge or understanding of a conviction's collateral consequences, such as parole eligibility. Nevertheless, as the supreme court has recognized, a claim of ineffective assistance of counsel raises a different question:

> The trial court is required to advise the defendant only of the direct consequences of the conviction to satisfy the due process concerns that a plea be made knowingly and with full understanding of the consequences thereof.

> Sixth amendment constitutional standards requiring effective assistance of counsel involve examination of quite different considerations, however. One who relies on the advice of a legally trained representative when answering criminal charges is entitled to assume that the attorney will provide sufficiently accurate advice to enable the defendant to fully understand and assess the serious legal pro-

ceedings in which he is involved.... The duty of counsel is, in essence, the duty to act as any reasonable attorney would act in the same circumstances. Thus, questions regarding the type of conduct or communication required of an attorney representing a client can rarely be answered by abstract concepts.

*People v. Pozo,* 746 P.2d 523, 526–27 (Colo. 1987).

The supreme court's analysis in *Pozo* relied in part on a similar analysis by the United States Supreme Court in *Hill v. Lockhart,* 474 U.S. 52, 56–57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203, 208 (1985):

> Here petitioner does not contend that his plea was 'involuntary' or 'unintelligent' simply because the State through its officials failed to supply him with information about his parole eligibility date. We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary.... Instead, petitioner relies entirely on the claim that his plea was 'involuntary' as a result of ineffective assistance of counsel because his attorney supplied him with information about parole eligibility that was erroneous. Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'

*See also Dolan v. State,* 618 So.2d 271 (Fla. Dist.Ct.App.1993)(if collateral matters such as parole are discussed, and counsel's advice is measurably deficient, the result could be ineffective assistance); *Smith v. State,* 329 S.C. 280, 494 S.E.2d 626 (1997)(even though parole eligibility is a collateral consequence of sentencing, if the defendant's attorney undertakes to advise the defendant about parole eligibility and gives erroneous advice, then the plea may be collaterally attacked).

We therefore conclude that defendant is entitled to a hearing on his claim that counsel was ineffective in erroneously advising him that he would be eligible for parole within ten years. *See Alexander v. State,* 605 So.2d 1170 (Miss.1992)(because a question of fact exists concerning whether the defendant was prejudiced by counsel's advice concerning parole eligibility, the defendant is entitled to a hearing); *Johnson v. State,* 962 S.W.2d 892 (Mo.Ct.App.1998)(a defendant is entitled to hearing on claim that counsel was ineffective in erroneously advising him concerning parole eligibility); *cf. People v. Rael,* 681 P.2d 530 (Colo.App.1984); *but see Cunningham v. Diesslin,* 92 F.3d 1054 (10th Cir.1996); *Jones v. State,* 966 S.W.2d 340 (Mo.Ct.App.1998).

At the hearing, defendant will have the burden of proving that counsel gave such advice and thereby provided ineffective assistance. Defendant will also have the burden of showing a reasonable probability that, but for counsel's error, he would not have entered his guilty pleas and would have insisted on going to trial on all the original charges. *See Hill v. Lockhart, supra; People v. Pozo, supra; see also People v. Calderon,* 992 P.2d 1201 (Colo.App.1999).

### III.

■ Defendant separately asserts that the court erred in denying his Crim. P. 35(c) motion because it did not make specific findings supporting a sentence in the aggravated range. We disagree.

■ When a sentence outside the presumptive range is imposed, the court is required to place on the record its findings as to aggravating circumstances that justify variation from the presumptive range and the reasons for imposing the sentence. Section 18–1–105(7), C.R.S.1998; *see also People v. Vela,* 716 P.2d 150 (Colo.App.1985). In addition, there must be sufficient facts in the record to support the trial court's findings. *People v. Walters,* 632 P.2d 566 (Colo.1981).

■ However, a sentencing court is not required to engage in a point-by-point discussion of the factors involved in its decision. Rather, a reasonable explanation of the sentence imposed will suffice, provided the record of the sentencing proceeding indicates that the court considered the essential statutory factors. *People v. Walker,* 724 P.2d 666 (Colo.1986).

Here, the sentence imposed was stipulated as part of an overall plea agreement, and the aggravating circumstances involved in the robbery and murder were summarized in the prosecutor's statement of the factual basis for the guilty pleas. Defendant was repeatedly advised regarding the sentence that would be imposed, and his counsel confirmed at the providency hearing that the plea agreement called for consecutive sentences in the aggravated range.

The record reflects that the trial court's acceptance of the plea and imposition of the stipulated sentence were justified, not only as part of the overall plea agreement, but also by the serious and violent nature of the offenses and their effect on the victim's family. In the circumstances presented here, no more was required.

The order is affirmed except for the rejection without a hearing of defendant's claim of ineffective assistance of counsel, which is reversed. The cause is remanded for a hearing on that claim. The cause is also remanded for correction of the mittimus to add the terms of mandatory parole required under §§ 18–1–105(1)(a)(V)(A) & (B) and to reflect that defendant's aggravated robbery conviction is a class 3 felony.

Judge RULAND and Judge KAPELKE concur.