The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Charles R. SHEPARD, Defendant–Appellant.

No. 01CA2228.

Colorado Court of Appeals, Div. II.

Feb. 26, 2004.

Rehearing Denied Sept. 2, 2004.

Ken Salazar, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Charles R. Shepard, Pro Se.

Opinion by Judge ROTHENBERG.

Defendant, Charles R. Shepard, appeals the trial court's order denying his combined Crim. P. 35(a) and (c) motion. We affirm.

## I.

Pursuant to a plea agreement, defendant pleaded guilty in October 1998 to two counts of sexual exploitation of a child in exchange for the dismissal of the other charges against him. The parties stipulated that defendant would receive consecutive sentences to the Department of Corrections (DOC) of sixteen and nine years for the two charges, and the court imposed the stipulated sentence in January 1999.

Thereafter, defendant filed a combined Crim. P. 35(a) and (c) motion contending: (1) the trial court erred in imposing an aggravated sentence without making on-the-record findings in support of aggravation; (2) his sentences should run concurrently because the evidence supporting the charges to which he pleaded was identical; (3) the imposition of consecutive sentences violates his rights under the Double Jeopardy Clauses of the United States and Colorado Constitutions; (4) the trial court relied on aggravating factors that were not pleaded and proved to a jury, as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (5) his plea was invalid because the trial court failed to advise him that aggravating factors had to be pleaded and proved to a jury before an aggravated sentence could be imposed.

The trial court denied the motion.

## II.

■ Defendant first contends the trial court erred in imposing an aggravated sentence without making on-the-record findings in support of aggravation. We disagree.

Generally, if the trial court imposes a sentence in the aggravated range, it is required to state on the record the circumstances justifying the sentence. Section 18–1.3–401(7), C.R.S.2003; *People v. Sudduth*, 991 P.2d 315 (Colo.App.1999). A reasonable explanation of the sentence imposed is sufficient. *People v. Walker*, 724 P.2d 666 (Colo. 1986).

Here, however, the sentence imposed was a stipulated sentence and was part of defendant's plea agreement. *See* § 18–1–409(1), C.R.S.2003 (providing that, effective July 1, 1999, appellate review of the propriety of a sentence is precluded "if the sentence is within a range agreed upon by the parties pursuant to a plea agreement."). Further, defendant was fully apprised that an aggravated sentence would be imposed, and the prosecutor stated the factual basis underlying the offenses to which defendant pleaded guilty.

We hold that where, as here, the defendant stipulates to a sentence in the aggravated range as part of a plea agreement, the defendant is also stipulating that sufficient facts exist to warrant an aggravated sentence, and the trial court need not make additional findings on the record.

Accordingly, we reject defendant's argument that the record does not support the aggravated sentence. *See People v. Sudduth, supra.*

## III.

■ We also reject defendant's contention that the imposition of consecutive sentences violated his rights under the Double Jeopardy Clauses of the United States and Colorado Constitutions.

■ The Double Jeopardy Clauses protect an accused from being twice punished for the same offense. *See Witte v. United States*, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *Righi v. People*, 145 Colo. 457, 359 P.2d 656 (1961); *People v. Sandoval*, 974 P.2d 1012 (Colo.App.1998). A guilty plea does not waive a valid double jeopardy claim of being punished twice for the same offense.

*Patton v. People*, 35 P.3d 124, 132 (Colo. 2001).

Under § 18-1-408(3), C.R.S.2003, the trial court may impose consecutive sentences for multiple convictions arising from the same episode, even if there is only one victim, provided that different evidence supports each conviction. *Meads v. People*, 78 P.3d 290 (Colo.2003); *People v. Jiron*, 796 P.2d 499 (Colo.App.1990). We conclude such is the case here.

Defendant pleaded guilty to two counts of sexual exploitation of a child. During the providency hearing, the prosecution represented that the evidence would have shown that defendant committed various acts against the victim, including taking five different photographs of her in sexually explicit poses. Defendant admitted he understood the factual basis.

Because the prosecution presented a factual basis for two separate incidents of sexual exploitation of the victim, defendant's double jeopardy rights were not violated. Thus, the trial court did not err in imposing consecutive sentences.

### IV.

Relying on *Apprendi v. New Jersey, supra*, defendant next contends the trial court erred in imposing a sentence in the aggravated range because the facts increasing the maximum penalty for the offenses in his case were not pleaded and proved beyond a reasonable doubt to a jury. He also contends his guilty plea was invalid because he was not advised of *Apprendi's* requirements.

However, in *People v. Bradbury*, 68 P.3d 494 (Colo.App.2002), a division of this court concluded *Apprendi* does not apply retroactively to collateral attacks on convictions that became final before that opinion was announced. We agree with that reasoning and it is dispositive of defendant's *Apprendi* arguments.

### V.

Defendant's next argument—that his plea was entered involuntarily because he was mentally incompetent and under duress at the time—was not raised in his motion.

* Justice COATS does not participate.

Therefore, we do not address it. *See People v. Goldman*, 923 P.2d 374 (Colo.App.1996)(allegations not raised in a postconviction motion and not ruled on by the trial court are not properly before this court for review).

### VI.

Finally, defendant contends the mittimus must be corrected to delete the period of mandatory parole imposed because he is subject to discretionary parole. *See Martin v. People*, 27 P.3d 846 (Colo.2001). However, on October 16, 2001, an amended mittimus was issued deleting the period of mandatory parole. Hence, defendant has received the relief he sought, and his contention is moot. *See People v. Espinoza*, 819 P.2d 1120 (Colo. App.1991); *Lininger v. City of Sheridan*, 648 P.2d 1097 (Colo.App.1982)(when an issue on appeal has become moot by events occurring after the entry of judgment, an appellate court will refrain from rendering an opinion on the merits of the issue).

Order affirmed.

Judge NIETO and Judge PICCONE concur.