**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Yvonne Dorine MAESTAS, Defendant–Appellant.**

No. 08CA0516.

Colorado Court of Appeals, Div. III.

Oct. 15, 2009.

§ 24–51–1105, C.R.S.2009.

John W. Suthers, Attorney General, Jennifer A. Berman, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Douglas K. Wilson, Colorado State Public Defender, Rebecca R. Freyre, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant.

Opinion by Judge ROY.

Defendant, Yvonne Dorine Maestas, appeals the consecutive sentences imposed on her convictions for vehicular eluding, second degree assault, and aggravated motor vehicle theft. We affirm.

The case arose from a high-speed police pursuit, on snowy and icy streets, of a motor vehicle driven by defendant. Based on the affidavit in support of a warrantless arrest, a Commerce City officer attempted to stop the vehicle, which ran a traffic light. The vehicle accelerated southbound to a high rate of speed, drove in opposing traffic lanes, cut off three vehicles, drove through a second traffic light, spun out of control almost hitting two other vehicles, and came to a stop against a guard rail. The officer walked toward the vehicle with weapon drawn and attempted to contact the occupants. The driver then accelerated the vehicle directly toward the officer who injured his right knee when seeking protection behind his patrol car.

The vehicle proceeded northbound with the officer in pursuit. Another officer placed "stop sticks" in the road, which failed to stop the vehicle. It continued northbound until it crashed. The officer again exited his patrol car with weapon drawn and ordered the occupants of the vehicle to turn off the engine and place their hands on their faces. The driver again accelerated the vehicle toward the officer who again avoided it. The vehicle proceeded southbound without yielding to other patrol cars, ran several traffic signals, and attempted to strike a patrol car attempting to pass it. A purse containing several hypodermic needles was thrown out the passenger side and the vehicle was then stopped by several officers. These events occurred over a distance of fifty blocks. Defendant was identified as the driver and when asked why she did not stop, she replied that she knew that she was wanted for a parole violation.

Defendant was charged with three counts of attempted after deliberation first degree murder, §§ 18-2-201, 18-3-102(1)(a), C.R.S. 2009; aggravated motor vehicle theft in the first degree, § 18-4-109(2), (3)(a), C.R.S. 2009; felony vehicular eluding, § 18-9-116.5, C.R.S.2009; three counts of attempted extreme indifference first degree murder, §§ 18-2-101, 18-3-102(1)(d), C.R.S.2009; and crime of violence, § 18-1.3-406(2)(a)(I)(A), C.R.S.2009. Three officers engaged in the chase were the named victims in the attempted murder counts.

During the second day of trial to a jury the trial court granted defendant's motion for a mistrial premised on discovery violations. Defendant then entered into a plea agreement by which she agreed to plead guilty to felony vehicular eluding, as originally charged, and to two additional counts. The additional counts were reckless second degree assault with a deadly weapon, § 18-3-203(1)(d), C.R.S.2009, naming all three officers as the victims; and aggravated motor vehicle theft, § 18-4-409(2), (3)(a), C.R.S. 2009. Defendant waived the factual basis for

the added count of reckless second degree assault.

## I.

Defendant first argues that her convictions for vehicular eluding and second degree assault are based on identical evidence, and, therefore, the trial court was without statutory authority to impose consecutive sentences. We disagree.

Section 18–1–408(3), C.R.S.2009, which addresses the criteria for consecutive sentencing, states as follows:

> When two or more offenses are charged [based on the same act or series of acts arising from the same criminal episode within the district attorney's judicial district] and they are supported by identical evidence, the court upon application of the defendant may require the state, at the conclusion of all the evidence, to elect the count upon which the issues shall be tried. If more than one guilty verdict is returned as to any defendant in a prosecution where multiple counts are tried [based on the same act or series of acts arising from the same criminal episode within the same criminal episode within the district attorney's judicial district], the sentences imposed shall run concurrently; except that, where multiple victims are involved, the court may, within its discretion, impose consecutive sentences.

Our supreme court has interpreted section 18–1–408(3) as limiting a trial court's authority to impose consecutive sentences to situations in which two or more convictions are actually based on identical evidence:

> [T] he mere possibility that identical evidence may support two convictions is not sufficient to deprive the court of its discretion to impose consecutive sentences. *A sentencing court is mandated to impose concurrent sentences only when the evidence will support no other reasonable inference than that the convictions were based on identical evidence.* In all other instances, the trial court retains its sentencing discretion, and its decision must be upheld unless the trial court abused its discretion.

. . . .

Our caselaw has consistently applied the statute by analyzing the evidence to determine if the separate convictions were based on more than one distinct act and if so, whether those acts were separated by time and place.

*Juhl v. People,* 172 P.3d 896, 900–01 (Colo. 2007) (citations omitted) (emphasis added).

In *Juhl,* the court held that "[a] defendant's right to the imposition of concurrent sentencing, pursuant to section 18–1–408(3), applies irrespective of whether the defendant is convicted at trial or by a guilty plea." *Id.* at 900. Consistent with that conclusion, the court approved decisions of divisions of this court which have held that the applicability of the concurrent sentencing mandate of section 18–1–408(3) turns on an analysis of "the factual basis of the defendant's guilty plea to determine whether the convictions were based on identical evidence." *Id.* at 901. However, the court in *Juhl* did not have cause to address the question of how section 18–1–408(3) is to be applied where, as here, a defendant pleads guilty to an added charge for which there is no factual basis.

■ It is well established that a defendant may plead guilty to a charge and "waive the establishment of a factual basis." Crim. P. 11(b)(6); *People v. Fleming,* 781 P.2d 1384, 1388 (Colo.1989). A waiver occurs when the defendant excuses the establishment of a factual basis for the specific charge after a full explanation of the basis for the plea agreement. *People v. Rockwell,* 125 P.3d 410, 417 n. 8 (Colo.2005); *see, e.g., People v. Isaacks,* 133 P.3d 1190, 1191 (Colo.2006) ("The conspiracy charge was not supported by facts; rather, Isaacks pleaded guilty to this charge to take advantage of the plea bargain. Isaacks, therefore, waived the establishment of a factual basis for his plea.").

■ On appeal, defendant argues that, because the only injury that occurred was the *non-serious* knee injury one officer sustained during the vehicular eluding episode, and because that officer was named in both of the counts to which she pleaded guilty, the second degree assault conviction grounded on her admission to recklessly causing *serious* bodily injury by means of a deadly weapon is

based on evidence identical to that which supports the vehicular eluding conviction. In response, the prosecution contends that, because defendant's guilty plea to the second degree assault conviction was not based on any evidence at all, (1) this conviction is not based on the same evidence as the vehicular eluding conviction; and (2) she waived her right to demand concurrent sentencing pursuant to section 18–1–408(3). We are persuaded by the prosecution's argument.

■ In a case where there is factual support for a defendant's guilty pleas, the question of whether the evidence supporting the pleas is identical can be determined either by examining evidentiary sources in the record, *see, e.g., Juhl,* 172 P.3d at 898 n. 1 (relying on facts as developed at preliminary hearing and motions hearing), or by looking to the prosecutor's factual representations at the providency hearing. *See, e.g., People v. Shepard,* 98 P.3d 905, 907 (Colo.App.2004) (because the prosecution presented a factual basis for two separate incidents of sexual exploitation of the victim, the trial court did not violate section 18–1–408(3) by imposing consecutive sentences on defendant's guilty pleas to two counts of sexual exploitation of a child).

■ By contrast, because in the instant case it is undisputed that there was no factual basis for defendant's guilty plea to second degree assault resulting in serious bodily injury, it would be a fruitless exercise for us to examine the arrest warrant affidavit or the transcript from the incomplete trial in an attempt to identify what evidence supports the serious bodily injury element of second degree assault. There is no such evidence to be found. Hence, because the concurrent sentencing mandate of section 18–1–408(3) applies only when multiple convictions are actually "supported by identical evidence," we are without authority to apply this provision based on speculation about what evidence might come closest to supporting defendant's conviction for second degree assault.

■ In addition, we conclude that, by waiving the establishment of a factual basis for the added second degree assault charge,

defendant also waived her right to rely on section 18–1–408(3). If defendant had wanted to ensure that all of the sentences imposed pursuant to the plea bargain would be subject to the concurrent sentencing mandate of section 18–1–408(3), she could have rejected any plea agreement that called for guilty pleas to multiple charges unless the charges were clearly based on identical evidence; or, more simply, she could have achieved the same result by rejecting any plea agreement that did not include a stipulation for concurrent sentences. By not doing so, and by instead agreeing to plead guilty to at least one charge that lacked a factual basis, defendant exposed herself to the possibility of consecutive sentences and waived her right to demand concurrent sentencing pursuant to section 18–1–408(3). Indeed, defendant does not allege that her guilty pleas were based on an erroneous belief that she was entitled to concurrent sentences, and at sentencing her counsel specifically acknowledged that "the court can do consecutive sentences."

## II.

Defendant next argues that the court abused its sentencing discretion. We disagree.

■ On appellate review of a sentence, the decision of the sentencing court must be accorded deference because of that court's familiarity with the circumstances of the case. The trial court has broad discretion when imposing a sentence, and the sentence imposed will not be overturned absent a clear abuse of discretion. In exercising that discretion, a trial court must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law, the deterrence of crime, and the protection of the public. *People v. Howell,* 64 P.3d 894, 898 (Colo.App. 2002).

■ The sentencing court must state on the record the basic reasons for imposing the sentence. If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circum-

stances of the case, an appellate court must uphold the sentence. Only in exceptional cases will an appellate court overturn the trial court's judgment in sentencing matters. *Id.*

■ Here, the court imposed the following consecutive sentences to the Department of Corrections: five years on the conviction for aggravated motor vehicle theft; eight years on the conviction for vehicular eluding; and eight years on the conviction for second degree assault. The court explained that these sentences were appropriate because defendant was on parole when she stole a car and deliberately drove it in a manner that endangered the officers and the community. In addition, the court expressed dismay that, despite defendant's young age (twenty-eight), she had already amassed thirteen prior convictions (including two felonies).

Contrary to defendant's suggestion, we see no error in the court's determination that she intended to strike one of the officers with the car, or in the court's emphasis of the many aggravating circumstances surrounding the chase (i.e., the fact that defendant disregarded adverse weather conditions, drove through several red lights, cut off other vehicles, and tried to ram a police car). Further, the court's observations about the potential harm to the community were not unduly speculative, and it is apparent the court gave due consideration to all aspects of defendant's rehabilitative potential, including her mental health issues. Accordingly, we perceive no abuse of discretion in the court's decision.

The sentences are affirmed.

Judge FURMAN and Judge MILLER concur.