23CA0985 Peo v Juarez 10-31-2024

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 23CA0985
City and County of Denver District Court No. 21CR2407
Honorable Eric M. Johnson, Judge

_____

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Janet R. Juarez,

Defendant-Appellant.

_____

SENTENCE AFFIRMED

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 31, 2024

_____

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee


Randy C. Canney, Salida, Colorado; Casey A. Krizman, Denver, Colorado;
Michael S. Axt, Denver, Colorado for Defendant-Appellant

¶ 1     Defendant, Janet R. Juarez, appeals the sentence imposed following her guilty plea to one count of second degree murder.  We affirm.

I.     Background

¶ 2     Juarez killed her husband when she shot him three times, once in the head and twice in the back of his neck/upper back. The prosecution charged Juarez with one count of first degree murder.

¶ 3     In exchange for dismissal of the first degree murder count, Juarez pleaded guilty to an added count of second degree murder under a sudden heat of passion, in violation of section 18-3-103(1)(a), (3)(b), C.R.S. 2024, and agreed that sentencing would be open to the court, but that the applicable sentencing range was between ten and thirty-two years in prison.

¶ 4     From her arrest through her sentencing, Juarez maintained that she was a victim of domestic violence and that on the day of the shooting she was experiencing severe hyperglycemia and diabetic ketoacidosis as a consequence of the victim having prevented her from accessing her insulin, which she needed to manage her type 1 diabetes.  Before sentencing, the court reviewed

1

numerous letters from the victim's and Juarez's friends and family, as well as reports from experts in domestic violence and endocrinology and Juarez's treating psychologist. At the sentencing hearing, the court indicated that it took all of that information into consideration, it believed the prosecution had considered Juarez's mitigation evidence in offering her the plea agreement, and it recognized that Juarez did not pose a continuing threat to society and would have the opportunity to get out prison at some point because of the plea agreement. However, noting that Juarez took another human life, the court sentenced her to thirty-two years in prison.

## II. Discussion

¶ 5 Juarez contends that the district court abused its discretion when it imposed the maximum sentence authorized by statute. Specifically, she argues that the court did not explain its reasoning for imposing the maximum allowable sentence and failed to properly consider her mitigation evidence because it believed that the prosecution's plea offer took that into consideration. Based on our review of the record, the district court did not abuse its discretion.

### A. Plea Proviso Does Not Bar Juarez's Appeal

¶ 6 As an initial matter, we note and reject the People's assertion that the plea proviso portion of section 18-1-409(1), C.R.S. 2024, bars Juarez's appeal of her sentence.

¶ 7 As relevant here, section 18-1-409(1) provides that any person convicted of a non-class 1 felony "shall have the right to one appellate review of the propriety of the sentence;" but, in what is often referred to as the plea proviso provision of that statute, appellate review of the propriety of a sentence is barred "if the sentence is within a range agreed upon by the parties pursuant to a plea agreement." *Id.*

¶ 8 Contrary to the People's argument, Juarez's plea agreement did not include "a range agreed upon by the parties." Rather, the plea agreement informed Juarez that the offense to which she was pleading guilty — second degree murder with heat of passion as a mitigator — was a class 3 felony that was both an extraordinary risk crime and a crime of violence and was punishable by ten to thirty-two years in prison. *See* §§ 18-3-103(1)(a), (3)(b), (4) (making the offense a class 3 felony and subject to crime of violence sentencing), 18-1.3-401(1)(a)(V.5)(A), (10) (setting forth the

3

presumptive range for a class 3 felony as four to twelve years in prison, but increasing the top of that range by four years because it's an extraordinary risk crime), 18-1.3-406(1), (2)(a) (mandating a sentence of at least the midpoint to twice the maximum of the presumptive range for crimes of violence), C.R.S. 2024.

¶ 9     However, the plea agreement left sentencing "open" and, other than reciting the applicable statutory sentencing range, did not contain "a range agreed upon by the parties."  Thus, the plea proviso provision in section 18-1-409(1) does not bar our review of the propriety of Juarez's sentence.  *See People v. O'Dell*, 53 P.3d 655, 657 (Colo. App. 2001) (The plea proviso did not apply because "[t]he plain language of [section] 18-1-409(1) requires an agreement by the parties to a sentencing range," and, "although [the] defendant was advised of the penalties applicable to the offenses to which he was pleading guilty, there is no indication in the record that his plea agreement included any type of agreed sentencing range or cap.").  *But see People v. Scofield*, 74 P.3d 385, 386-87 (Colo. App. 2002) (the plea proviso did apply where the parties "expressly agreed upon" a sentencing range, even though that range was the same as the statutory aggravated sentencing range).

B.     Standard of Review and Applicable Law

¶ 10     A review of the propriety of the sentence "involves the intrinsic fairness or appropriateness of the sentence itself." *People v. Malacara*, 606 P.2d 1300, 1302-03 (Colo. 1980).

¶ 11     The trial court has extremely broad discretion when, as here, it imposes a sentence within the statutory range. *People v. Rice*, 2015 COA 168, ¶ 8; *see also Allman v. People*, 2019 CO 78, ¶ 22. We review such decisions for an abuse of discretion because the sentencing court is more familiar with the circumstances of the case, *see People v. Torrez*, 2013 COA 37, ¶ 71, and that familiarity places the sentencing court "in the best position to fix a sentence that reflects a balance of the relevant considerations," *People v. Vigil*, 718 P.2d 496, 507 (Colo. 1986).

¶ 12     Thus, we will not disturb this kind of sentencing decision on appeal absent a showing that the court abused its discretion by imposing a sentence that is manifestly arbitrary, unreasonable, or unfair or is based on an erroneous construction of the law. *People v. Herrera*, 2014 COA 20, ¶ 16.

¶ 13     In exercising its sentencing discretion, the court should consider, among other things, the nature of the offender's crime and

the events surrounding the criminal conduct, the nature and extent of the victim's injuries, the offender's character, rehabilitative potential and criminal history, any aggravating or mitigating circumstances, and the protection of the public. *Torrez*, ¶ 73; *People v. Maestas*, 224 P.3d 405, 409 (Colo. App. 2009). When weighing those factors, however, the court need not expressly refer to each factor it considers and need only provide a reasonable explanation for its sentence. *See Torrez*, ¶ 74. A trial court can properly find that certain factors are more compelling than others and may conclude that "the circumstances of the crime alone . . . justify the imposition of a particularly harsh sentence." *Id.*

¶ 14     We must uphold the sentence if it is (1) within the range required by law; (2) based on appropriate considerations as reflected in the record; and (3) factually supported by the circumstances of the case. *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990). We will substitute our judgment for the trial court's judgment as to the appropriate sentence "only in truly exceptional circumstances." *People v. Cole*, 926 P.2d 164, 169 (Colo. App. 1996); *see also People v. Tresco*, 2019 COA 61, ¶ 31.

## C. Analysis

¶ 15    In determining Juarez's sentence, the court stated that it had

> read and re-read all of the experts' reports and
> . . . reached the conclusion that, for the most
> part, everything that has been said and argued
> was taken into consideration by the
> prosecution in deciding to offer second degree
> murder, heat of passion, the history of
> domestic violence, you know, everything
> [Juarez's domestic violence expert] was talking
> about, the psychological reports.

¶ 16    The court then acknowledged that Juarez admitted to having ended a life under a sudden heat of passion and, as a result, she was not facing a sentence of life in prison. Further, the court agreed with defense counsel that Juarez did not pose a threat to the general public because this offense occurred as part of a specific situation. However, the court found that "[i]n the end, . . . indeed, for taking the life of another human being, a term of 32 years in the Department of Corrections has absolutely been earned."

¶ 17    We perceive no abuse of discretion in the district court's decision to impose a thirty-two-year sentence.

¶ 18    In sentencing Juarez, the court indicated that it had read all of Juarez's mitigation evidence. And although it did not expressly recount that evidence, there is no indication in the record that the

7

court ignored it. Further, while the court could have made more extensive findings in support of its decision, it is not required to discuss every factor relevant to its decision and only needs to provide a reasonable explanation for its sentencing decision. *See Torrez*, ¶ 74. The court indicated it believed that Juarez's action in taking another person's life warranted the thirty-two-year sentence. Because the district court can properly determine that the circumstances of the crime alone justify a particularly harsh sentence, *see id.*, we conclude that it did not abuse its discretion in this case.

¶ 19 Thus, because the sentence falls within the statutory range, was based on appropriate considerations, and is supported by the circumstances of the case, we will not substitute our judgment for that of the district court as to what sentence should have been imposed. *See Fuller*, 791 P.2d at 708; *Tresco*, ¶ 31.

### III. Disposition

¶ 20 We affirm Juarez's sentence.

JUDGE WELLING and JUDGE BROWN concur.