23CA0832 Peo v Kolpakov 02-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0832
Mesa County District Court No. 17CR892
Honorable Richard T. Gurley, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Aleksandr Kolpakov,

Defendant-Appellant.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 13, 2025

---

Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Barbara A. Snow, Alternate Defense Counsel, Longmont, Colorado, for
Defendant-Appellant

¶ 1    Defendant, Aleksandr Kolpakov, appeals the postconviction court's order denying his combined Crim. P. 35(a) and (c) motion. We affirm.

## I.    Background

¶ 2    Kolpakov was charged with first degree murder, second degree murder, first degree assault, possession of a controlled substance, and two crime of violence counts. The charges stemmed from an incident during which Kolpakov first shot his girlfriend, injuring her, then shot her again as she crawled on the ground, killing her.

¶ 3    Kolpakov pleaded guilty to the first degree assault charge and an added count of manslaughter. In exchange, the prosecution dismissed the remaining charges. The parties agreed to consecutive sentencing with a stipulated range of sixteen to forty-four years in the Department of Corrections. They further agreed that the court would impose (1) an aggravated range sentence for the manslaughter count (based on Kolpakov's use of hallucinogenic drugs and a firearm); and (2) a crime of violence sentence for the first degree assault count.

1

¶ 4     Kolpakov admitted that there were "sufficient facts in this case which could be presented at trial and which would result in a strong likelihood of a conviction of this case (and a reasonable likelihood of a conviction of the more serious charges filed)." And he gave up his right to require the prosecution "to state these facts after I enter my plea." The district court accepted Kolpakov's plea.

¶ 5     After considering a presentence investigation report (PSIR), letters, victim impact statements, the goals of sentencing, and the arguments of the parties, the district court sentenced Kolpakov to a cumulative forty-year prison sentence — twelve years for manslaughter consecutive to twenty-eight years for first degree assault.

¶ 6     Through counsel, Kolpakov sought a sentence reduction under Crim. P. 35(b), which the court denied.

¶ 7     Through new counsel, Kolpakov filed a combined Crim. P. 35(a) and (c) motion, the denial of which is at issue here. Under Crim. P. 35(a), he claimed that both of his convictions were supported by identical evidence and, therefore, the court erred by imposing consecutive sentences.

¶ 8    Under Crim. P. 35(c), he asserted that his Crim. P. 35(b) counsel provided ineffective assistance by failing to appeal the denial of his Crim. P. 35(b) motion.

¶ 9    The postconviction court denied the motion in a written order, rejecting both the Crim. P. 35(a) and (c) claims.  As to the Crim. P. 35(a) claim, the court found, among other things, that the two charges to which Kolpakov pleaded guilty were not based on identical evidence but rather the first degree assault was "supported by the evidence that, initially, [Kolpakov] only shot the victim once." "A gap in time" occurred and Kolpakov then shot the victim again, supporting the charge that involved the victim's death.

¶ 10    As to Kolpakov's Crim. P. 35(c) claim, the court found that counsel did not provide ineffective assistance by failing to pursue an appeal of the denial of the motion.

## II.    Discussion

¶ 11    Kolpakov contends that the postconviction court erred.  He reasserts his Crim. P. 35(a) claim that his consecutive sentences were not authorized by law and a Crim. P. 35(c) claim that his Crim. P. 35(b) counsel provided ineffective assistance.  Reviewing these

matters de novo, we discern no error. *See People v. Torrez*, 2013 COA 37, ¶ 29; *People v. Cali*, 2020 CO 20, ¶ 14.

### A.    Crim. P. 35(a)

¶ 12    Under Crim. P. 35(a), an illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the statutory scheme established by the legislature. *People v. Wenzinger*, 155 P.3d 415, 418 (Colo. App. 2006). Claims that a sentence was not authorized by law may be raised at any time. *Torrez*, ¶ 29.

¶ 13    Though a district court ordinarily retains discretion to impose either concurrent or consecutive sentences when a defendant is convicted of multiple counts, section 18-1-408(3), C.R.S. 2024, requires concurrent sentences when the evidence supporting each count is identical. *Torrez*, ¶ 32; *Juhl v. People*, 172 P.3d 896, 899 (Colo. 2007).

¶ 14    However, "the mere possibility that identical evidence may support two convictions" does not deprive the court of its discretion to impose consecutive sentences. *Juhl*, 172 P.3d at 900. The statute requires courts to impose concurrent sentences only when

4

the evidence will support no other reasonable inference than that the convictions were based on identical evidence. *Id.*

¶ 15    A defendant's right to concurrent sentencing under section 18-1-408(3) applies regardless of whether the defendant is convicted at trial or by a guilty plea. *Id.* But when a defendant waives the establishment of a factual basis for an added charge, he also waives the right to rely on section 18-1-408(3) to demand concurrent sentencing. *People v. Maestas*, 224 P.3d 405, 409 (Colo. App. 2009).

¶ 16    We need not decide whether Kolpakov waived his right to challenge the consecutive sentences because we perceive no error in the postconviction court's conclusion that concurrent sentencing was not required.

¶ 17    In the context of guilty pleas, courts look to evidentiary sources in the record to determine whether the charges were based on identical evidence. *People v. Fritts*, 2014 COA 103, ¶ 42 (examining the PSIR and arrest warrant affidavit); *Torrez*, ¶ 39 (examining the charging document and the prosecutor's statements during the sentencing hearing).

¶ 18    After accepting Kolpakov's plea, the district court ordered a PSIR in which Kolpakov gave a handwritten narrative of the events underlying the offense. He admitted to pulling the trigger once, after which his girlfriend fell to her back, alive. Then, as she went "scrabbling," he fired again, killing her.

¶ 19    At sentencing, the prosecutor played a 911 call for the court. Though the call was not transcribed, the prosecutor characterized the period between the first gunshot and the latter gunshots as a "fairly large gap." This gap, the prosecutor argued, was long enough for Kolpakov to extract himself from the situation.

¶ 20    This record does not compel the inference that the convictions were based on identical evidence. *See Juhl*, 172 P.3d at 900. Rather, it supports a reasonable inference that the first shot caused injury to Kolpakov's girlfriend; a brief time passed, during which Kolpakov had time to reflect on his actions; and the subsequent shots produced the girlfriend's death. Thus, we cannot conclude that identical evidence underlies the two convictions such that concurrent sentencing was required.

## B.     Crim. P. 35(c)

¶ 21     Kolpakov asserts that Rule 35(b) counsel provided ineffective assistance by failing to pursue an appeal on the basis that the court failed to "consider deterrence as one of several sentencing factors to determine an individualized and otherwise appropriate sentence." We disagree.

¶ 22     The test for determining ineffective assistance of counsel requires a defendant to show that (1) counsel performed deficiently in that the representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S 668, 687-88 (1984).

¶ 23     Although Kolpakov claims that the district court failed to consider deterrence as a sentencing factor when ruling on his Rule 35(b) motion, the record belies this claim. The court found that "[t]he length of [Kolpakov's] sentence decreases the likelihood [that he] would victimize anyone else in this community." And it expressed "hope that a sentence such as that imposed in this case would deter others from committing crime — certainly from consuming illegal drugs because bad things can result."

¶ 24     To the extent the court acknowledged some general skepticism that long sentences deter others from committing crimes, we see nothing objectionable about those comments.  To the contrary, we think the comments underscore the court's careful consideration of this factor.

¶ 25     This record clearly reflects that the district court considered deterrence both as to the individual and as a theory applicable to others.  Thus, we cannot conclude that Rule 35(b) counsel performed deficiently by failing to pursue an appeal of the Crim. P. 35(b) order on the basis that the court failed to "consider deterrence."

### III.    Disposition

¶ 26     The order is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.